### (November 24, 1969)

In the Matter of NEW KENNY'S GETTY SQUARE, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— On the court's motion, its decision dated November 10, 1969 (33 A D 2d 691) is amended to read as follows: " Proceeding under article 78 of the CPLR to review a determination of respondent, dated January 20, 1969, which suspended petitioner's liquor license for 30 days, with 20 days thereof deferred. Determination modified, on the law, by reducing the period of suspension to 10 days and by providing that the suspension period, as so reduced, shall be deferred in its entirety. As so modified, determination confirmed, without costs. Upon consideration of the facts herein, it is our opinion that the determination constituted an abuse of discretion as to the measure of the penalty imposed, to the extent indicated herein. It appears from the record that petitioner has not previously been charged with any violation of the Alcoholic Beverage Control Law, no less found guilty of any such violation." Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

GEORGE ANDREK et al., Respondents, et al., Plaintiff, v. IOWA PACKERS EXPRESS, INC., Appellant, et al., Defendant.— In a negligence action to recover damages for personal injuries, defendant Iowa Packers Express, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated December 11, 1968, as granted the motions of plaintiffs George, John and Anne Andrek to set aside as inadequate the jury verdict in their favor and ordered a new trial on the issue of damages as to said plaintiffs, unless said defendant would consent to the entry of judgment in increased amounts within a specified time. Order reversed insofar as appealed from, without costs, motions to set aside the jury verdict as to plaintiffs George, John and Anne Andrek denied, and jury verdict as to said plaintiffs reinstated. In our opinion, in view of the sharp issues of fact with respect to the existence, nature and extent of the injuries alleged to have been sustained by the respective respondents, it cannot be said that the jury's verdict was inadequate as to them. Accordingly, the verdict as to them should not have been set aside. Christ, Acting, P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.