■ RICK L. HALLENBECK, Respondent, v. PERCILLE M. CAIAZZO, Appellant. — Appeal from an order of the Supreme Court, entered December 27, 1971 in Schenectady County, which granted plaintiff's motion for a new trial, limited to the issue of damages, unless defendant stipulated to increase the verdict in plaintiff's favor from $8,800 to $15,000. The Trial Justice stated in his decision that the testimony indicated that plaintiff sustained severe and serious injuries "with a certain amount of permanency resulting", that several outstanding medical experts were produced by plaintiff in contrast to defendant's expert who admitted that he had no experience with thoracic surgery, and that the amount awarded was inadequate. On September 16, 1968 plaintiff was operating a motor vehicle which, while stopped at a traffic light, was struck in the rear by one driven and owned by defendant. He received emergency room treatment at a hospital on the day of the accident, spent seven days in the hospital the next month for diagnostic workup and cervical traction, and was hospitalized for nine days the following month when his lung collapsed subsequent to an intercostal nerve block. Physicians', hospital and medicinal expenses totaled $1,693.65 and plaintiff stated that he had a $2,000 loss of income as a result of the accident. There was proof that plaintiff sustained a strain of the inner scapular muscles, cervical strain, pneumothorax with a 80% to 90% collapse of the lung, tenderness of the upper middorsal spine and damage to the musculature in the chest wall. Dr. Dougherty, an orthopedic surgeon, testified that plaintiff sustained a permanent injury consisting of a chronic myositis of the thoracodorsal wall and a 35% to 50% functional loss of the left shoulder. Dr. Stranahan, a chest specialist, related that plaintiff was left with a permanent scar on his chest where a catheter one-half inch in diameter was inserted. Dr. Forster, an orthopedic specialist who examined plaintiff one year after the accident, found no disability or functional defect, although he stated that the lung was out of his field. The fixation of damages in personal injury actions is peculiarly the function of the jury and should not be disturbed unless it can be said that it was so grossly inadequate or excessive as to be unconscionable (*Shapp* v. *Simmons*, 31 A D 2d 666; *Reich* v. *Evans*, 7 A D 2d 765, 766). While the damages might have been appraised higher by some other jury, we cannot say as a matter of law that the verdict was inadequate, particularly in view of the evidentiary dispute as to functional permanency and of the rather indefinite proof as to loss of earnings. Order reversed, on the law and the facts, motion of plaintiff denied and verdict reinstated, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Main, JJ., concur.