## THIRD DEPARTMENT, DECEMBER, 1973

### (December 6, 1973)

■ HELEN G. RIDDLE et al., Respondents-Appellants, v. MEMORIAL HOSPITAL, Appellant-Respondent.— Cross appeals from a judgment of the Supreme Court, entered April 19, 1973 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiffs. Plaintiffs are husband and wife and Mrs. Riddle was injured on or about January 20, 1971 as a result of a fall in a corridor of the defendant hospital. After examination in the emergency room, X rays were ordered and they revealed a dislocation of the left elbow and a comminuted fracture of the radial head. A cast was applied but the patient was not admitted to the hospital and was permitted to return to her motel room where she and her husband were then temporarily residing. On January 29, 1971 the cast was removed and a sling applied and Mrs. Riddle was referred to a physiotherapist by her attending physician. After three weeks of whirlpool treatments and exercise, the sling was removed and therapy was continued. In May or June of 1971, feeling returned to the left hand and the severity of the pain in the elbow and forearm was subsiding. The medical evidence indicates that Mrs. Riddle, at the time of trial, had a loss of five degrees of elbow extension and a 25% loss of forearm rotation and that these limitations are permanent. Mrs. Riddle, age 56 at the time of the trial, in addition to being a housewife, was, before the accident, an accomplished violinist. While she did not receive financial remuneration for her performances, the testimony suggests that music was an important part of her life and that the injury she received has deprived her of the ability to use her forearm and to manipulate her fingers as before, so that the quality of her performance has been substantially impaired. In addition, there is testimony to the effect that, as a result of the accident and injury, Mrs. Riddle developed emotional problems. After trial, the jury awarded Mrs. Riddle $75,000 in damages and awarded Mr. Riddle the sum of $12,000 damages in his derivative action. The defendant raises no issue as to the jury's finding of negligence on defendant's part and their finding of no contributory negligence upon the part of the plaintiffs, but appeals upon the ground that the court committed prejudicial error in allowing the plaintiffs' expert witness to demonstrate plaintiff's ability to play the violin and also contends that each verdict was excessive. Plaintiffs have cross-appealed from the court's denial of their application for additional costs pursuant to CPLR 8303 (subd. [a], par. 2). The admission or the exclusion of real or demonstrative evidence rests largely within the discretion of the trial court and the relevancy and value of such evidence in assisting the jury in understanding the issues of the case are the criteria for its admission or rejection. (32 C. J. S., Evidence, § 602, p. 758.) Dr. Hegyi, conductor of the Albany Symphony Orchestra, testified that he had heard a tape of one of Mrs. Riddle's per-

formances and that he had observed and listened to her play the violin on March 7, 1973. He explained how the violin is played and the role of the body members involved. Over objection, he was permitted to demonstrate before the jury the difficulties that he observed Mrs. Riddle experiencing as she played and explained how it was impossible to execute certain technical movements without full use of the left arm. The court promptly and expressly instructed the jury that the manner in which the witness played the violin in his demonstration had no bearing on Mrs. Riddle's proficiency, but was permitted to enable the witness to demonstrate what he had observed about Mrs. Riddle. Prior to Dr. Hegyi's testimony, several witnesses had testified as to her ability to play the violin before the accident, and the medical evidence as to the physical limitations of the left elbow and forearm was before the jury. Under these circumstances, we find no abuse of discretion on the part of the Trial Judge, and no prejudice by any implication to be drawn from the demonstration to the effect that Mrs. Riddle could perform at a certain degree of proficiency, because there had been ample evidence from the other witnesses as to her skill and proficiency as well as proper instructions to the jury from the court. Certainly, the demonstration was not sensational or calculated to disrupt the "calm judicial atmosphere of a court of justice" (*Clark* v. *Brooklyn Hgts. R. R. Co.,* 177 N. Y. 359, 362) nor did it tend to confuse the issues of the case (*Radosh* v. *Shipstad,* 20 N Y 2d 504). If the verdict is excessive or insufficient to such an extent as to indicate that it is the result of sympathy, passion, prejudice or corruption, it is within the power of the Appellate Division to set it aside or to order that the judgment be reversed, unless the parties stipulate to an increase or decrease (14 N. Y. Jur., Damages, § 196). To avoid usurping the function of the jury, the power should be used only if the verdict is so disproportionate to the injury as to not be within reasonable bounds (14 N. Y. Jur., Damages, § 197). In ascertaining whether or not a verdict is excessive, consideration must be given to the nature and extent of the injuries; whether or not they are permanent; the extent of pain, past, present and future; and what effect the lasting injury has had or will have in the future. It is also proper to consider, in the case at hand, impairment or loss of artistic pursuits. Mrs. Riddle sustained a permanent injury to her left arm and has suffered some discomfort and no doubt will in the future. However, she has been able to perform almost all of her household duties since the year following the accident and, in January of 1973, stated to her psychiatrist that she was pleased with the "unexpected improvement in her ability to play" the violin; she had begun to regain much of her skill. The loss of her musical skill had been the basis for the doctor's opinion that, if plaintiff is "unable to regain the level of skill she once enjoyed * * * there will always be some emotional scar." In view of the extent of the plaintiff's recovery from the injury and from its side effects, we must conclude on this record that the verdict was excessive and, therefore, must be reduced. Regarding the verdict of Jackson Riddle, we find it too to be excessive and unsupported by the record. In respect to the plaintiffs' application for additional costs, pursuant to CPLR 8303 (subd. [a], par. 2), we fail to perceive this case as being either difficult or extraordinary and, therefore, find no basis for the granting of an additional allowance for costs. Judgment modified, on the law and the facts, and a new trial ordered, limited to the issue of damages, unless plaintiffs shall, within 20 days after service of a copy of the order to be entered hereon, stipulate to reduce the verdicts to $35,000 plus interest in the action of Helen Riddle, and to $7,500 plus interest in the action of

Jackson Riddle, in which event the judgment, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Main and Reynolds, JJ., concur.