■ WILSON BARRETO, an Infant, by His Father and Natural Guardian, GELSON BARRETO, et al., Respondents, v. DANIEL ROTHENHAUSER, Appellant.— Judgment, Supreme Court, New York County, entered March 21, 1974, modified, on the law and on the facts, and a new trial granted on the issue of damages as between the plaintiff-respondent infant and the defendant-appellant, and otherwise affirmed, with $60 costs and disbursements to abide the event, unless plaintiff-respondent infant, by his guardian, within 20 days of service upon him by the defendant-appellant of a copy of the order entered hereon, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $150,000 and to the entry of an amended judgment in accordance therewith, in which event the judgment as so amended and reduced is affirmed, without costs. Insofar as liability is concerned, this case presents simple issues of fact. Defendant claims that the bicycle was coming out from between the parked cars at a right angle to his automobile and he went right into it, striking the bicycle broadside. The plaintiffs disputed this version and argued that this could not be, because, if the bicycle had been hit broadside, with the infant plaintiff and the other boy riding astride, the automobile would have had to hit the body of the infant plaintiff or the other boy. These conflicting versions were considered by the jury in the light of the physical facts which are clearly spelled out in the record. It is conceded that the automobile hit the bicycle. There is no contradiction of the testimony of the police officer that there was a point of impact in the rear fender of the bicycle and the left hood of the automobile. The verdict of the jury in favor of the plaintiffs clearly denotes that, on the whole case, the jury believed the plaintiffs' version of the accident, as opposed

to the defendant's version. How can we justify a rejection and setting aside of the jury's verdict under the circumstances? As to the comments in the dissent concerning the court's charge to the jury, suffice it to say that a reading of the charge discloses that it was eminently fair, free from prejudice and a clear statement of the law. It must be emphasized that, at the conclusion of the charge, both sides stated that there were no exceptions and no requests to charge. That was the time for counsel to ask the court for additional statements of the law. If counsel wanted the jury to be informed as to any portion of the Vehicle and Traffic Law he should have requested it. It would be rather unfair, at this late stage, to reverse and start this case over again simply because defendant's counsel failed to make a proper request. In any event, it is quite doubtful whether it would have made any difference to the jury insofar as its verdict is concerned, even if the Vehicle and Traffic Law had been charged. Surely the jury must have considered the propriety of the infant plaintiff in riding a single bicycle with another aboard and might well have excused this conduct in the light of plaintiff's immaturity and in the face of the evidence and physical facts surrounding the accident. Aside from all of this, the fact is that there were no exceptions and no requests to charge and the law is well settled that, in their absence, the charge cannot be faulted. (*Hermance* v. *Slopey*, 32 A D 2d, 573, 574; *Harrington* v. *Kedem Realty Corp.*, 13 A D 2d 1027, 1028; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4017.06.) We are convinced that we are not dealing with a fundamental error, as the dissent claims. However, on this record, a verdict in the sum of $250,000, in favor of the infant plaintiff is not justified. Concur — Nunez, J. P., Tilzer and Capozzoli, JJ.; Murphy and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We disagree and would reverse and order a new trial. It appears without contradiction that the plaintiff and another boy were both riding the same bicycle. The plaintiff pushed the pedals and the other boy did the steering. The court treated this method of locomotion as if the plaintiff were a passenger without responsibility for the control of the vehicle. Actually, use of a bicycle designed for a single operator by two persons is forbidden by statute (Vehicle and Traffic Law, § 1232). While plaintiff's immaturity might provide him with an excuse for this violation, that was not the theory on which the case was submitted to the jury. It is true that no proper exception was taken to the Judge's charge, but where, as here, the error is fundamental, the interests of justice require that the verdict not stand. The difficulty in regard to damages emphasizes this. The jury awarded $350,-000. The court reduced it to $250,000. A majority of this court has ordered a further reduction, to $150,000. To a lay mind the injury, a skull fracture, appears horrendous. What was involved was a linear fracture without brain damage. The serious effect claimed, a personality change, was disproved. Plaintiff was a problem child in school before the accident, and the most that can be deduced from the record was that his personality did not improve after the accident. A reduction of 60% bespeaks a finding so out of proportion that a new trial rather than correction should be resorted to.