■ MARY L. WATSON, Respondent, v. HAROLD R. ARCHER et al., Appellants. — Order insofar as it grants a new trial on the issue of damages unanimously reversed and verdict reinstated, and otherwise order affirmed, without costs. Memorandum: Plaintiff, in her personal injury action, claimed a neck injury as a result of an automobile accident which occurred on April 16, 1970. The following day she went to a physician who treated her for acute muscle strain of the neck. Two weeks later she went to an osteopathic physician who found that her postural balance was abnormal because she had polio when an infant and that this imbalance was impeding her recovery from the neck injuries. He manipulated her spine in an attempt to correct this condition; however, after this treatment plaintiff, for the first time, began to complain of pains in her back. He had plaintiff admitted to a hospital in May, 1970 and manipulated her spine under anesthesia but she claimed continuing pain. During the next 10 months plaintiff was readmitted to the hospital on four further occasions for manipulations under anesthesia. However, at no time during this period of approximately one year, did her condition substantially improve. In April, 1971 plaintiff went to an orthopedist. Under his treatment her pains subsided within one month. The doctor who testified for the defendants said that the manipulations of her back by the osteopath were unjustified and had caused her back pains. He said that the pain in her neck for which she was treated by the orthopedist was not caused by the accident but by the manipulations. Plaintiff's total medical expenses amounted to $4,470.11. At the time of the accident, she had a job which paid her $85 per week. She claimed that she was unable to work after the accident although she married within 10 weeks of it. She did not go back to work for approximately two years and claimed she was disabled from working for a period of six months. The court properly charged the jury that plaintiff had a duty to attempt to restore her health and to abstain from conduct that would aggravate her condition (*Wagner* v. *Mittendorf,* 232 N. Y. 481). The jury returned a verdict in plaintiff's favor, $1,000 for injury and pain and suffering, $2,150 for medical expenses and $850 for lost wages, a total of $4,000. Where there is a reasonable interpretation of the facts which supports the jury's findings as to the extent of the injury, a trial court should not exercise its discretion to find the verdict inadequate (*Andrek* v. *Iowa Packer Express,* 33 A D 2d 700, affd. 29 N Y 2d 845). Here, the jury may have believed that the continued reliance on the osteopathic physician was unreasonable since the manipulations of plaintiff's spine not only failed to significantly improve her neck condition but also caused pain in her back. The duty to fix damages in a personal injury action is a function of the jury and, unless the amount awarded is so grossly inadequate or excessive as to be unconscionable, it should not be disturbed (*Hallenbeck* v. *Caiazzo,* 41 A D 2d 784; cf. *Rice* v. *Ninacs,* 34 A D 2d 388, 390). (Appeal from order of Erie Trial Term, setting aside award of damages.) Present — Moule, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.