■ THOMAS D. MANSFIELD et al., Appellants-Respondents, v. DANIEL E. GRAFF et al., Respondents-Appellants. (Appeal No. 2.) — Judgment unanimously reversed, on the law and facts, without costs, and complaint dismissed. Memorandum: On July 25, 1969, a two-car accident occurred at the intersection of Route 31 and Gillette Road in the Town of Ogden. Defendant, Bonnie Graff, was driving an automobile owned by her husband in a westerly direction on Route 31 and defendant, Walter C. Newcomb, was driving an automobile in a northerly direction on Gillette Road. The record shows that Newcomb entered the intersection after going through a stop sign and a collision resulted. Bonnie Graff had been traveling at a normal rate of speed. She had seen Newcomb approach the stop sign but she did not yield the right of way because she assumed he would stop. She was driving 10 to 20 miles per hour less than the speed limit, about five to seven car lengths from the intersection when she saw Newcomb's vehicle. She immediately applied her brakes and sounded her horn. Plaintiff, a passenger in the Graff car, was injured. She commenced an action against both drivers and against the owner of the Graff vehicle. Her husband brought a derivative action against the same defendants. Plaintiff recovered a verdict

of $1,600 and her husband a verdict for $582 against all the defendants. Plaintiff asserts that the verdict in her favor was inadequate. She claimed permanent pain and disability resulting from a compression fracture of the spine. However, medical experts, called by the parties at the trial, provided conflicting testimony and a fair interpretation of the evidence leads to the conclusion that any injury to her lower back was temporary in nature, the symptoms being the result of a hereditary defect rather than any injury sustained in the accident. Plaintiff was married three weeks after the accident and honeymooned in Hawaii, factors undoubtedly influencing the jury in determining the severity of her back troubles. Where a reasonable interpretation of the facts supports the jury's findings as to the extent of an injury, a court should not exercise its discretion to find the verdict inadequate unless the amount awarded is so grossly inadequate as to be unconscionable (*Andrek* v. *Iowa Packers Express*, 33 A D 2d 700, affd. 29 N Y 2d 845; *Watson* v. *Archer*, 46 A D 2d 997; *Hallenbeck* v. *Caiazzo*, 41 A D 2d 784). Defendants Graff cross-appeal from the trial court's denial of their motion for nonsuit at the close of plaintiff's case, from the court's denial of their motion for a directed verdict at the close of the evidence and from the court's denial of their motion to set aside the verdict. In considering these motions, the court must view the evidence most favorably to the nonmoving party. It must determine whether a verdict in favor of the nonmoving party could be lawfully found upon any fair interpretation of the evidence (*Stafford* v. *Mussers Potato Chips,* 39 A D 2d 831, 832; *Aetna Cas. & Sur. Co.* v. *Garrett,* 37 A D 2d 750, 751; *Kimberly-Clark Corp.* v. *Power Auth. of State of N. Y.,* 35 A D 2d 330, 335). A motorist who knows there is a stop sign for another motorist at an intersecting road has the right to assume that the latter will obey the mandate of the sign and stop until he can proceed safely (*Bartholomew* v. *New York Tel. Co.,* 35 A D 2d 767; see Vehicle and Traffic Law, § 1142). There is still a duty to proceed with caution but Bonnie Graff did all that a reasonable person would be expected to do under the circumstances and, therefore, there is no fair interpretation of the evidence upon which a finding of negligence could be sustained (*Lee* v. *City Brewing Corp.,* 279 N. Y. 380). (Appeals from judgment of Monroe Trial Term in automobile negligence action.) Present — Moule, J. P., Cardamone, Simons and Del Vecchio, JJ.