■ RICHARD J. DUCHESNE, Appellant, v CHARLES A. LOOMIS, Respondent. —Judgment unanimously affirmed, without costs, Simons, J. not participating. Memorandum: In this personal injury action plaintiff claimed a neck and lower back injury as a result of an automobile accident which occurred on June 14, 1973. The jury returned a verdict in plaintiff's favor for $3,000. Plaintiff seeks a reversal of the verdict, upon which the judgment was entered, on the ground that it was inadequate. On the day of the accident plaintiff was admitted to a hospital and placed in cervical traction for a period of four days, at which time he was discharged. During the months following the accident he wore a cervical collar and also attended physical therapy sessions. In October, 1973 plaintiff was readmitted to the hospital for a period of 16 days during which time he was placed in traction. After his release from the hospital plaintiff was fitted in a fiberglass body cast for five weeks. On May 3, 1974 plaintiff was hospitalized for two weeks and was given a myelogram, the results of which showed no evidence of a defect in the cervical area. Plaintiff incurred medical expenses of $2,971.70. In addition plaintiff claimed that following his accident he was unable to continue working at his $186 per week job as an employment service placement trainee. In August, 1973 he was offered a position as personnel manager for a furniture company but did not accept this job until January,

1974. Due to excessive absences, this $240 per week job was terminated in May, 1974. During the summer of his accident plaintiff spent over a month at his uncle's summer camp, at which time he swam regularly. He also testified that in September, 1973 he took a trip to Montreal and in December, 1973 he went to Florida. During the spring and summer of 1974 plaintiff engaged in such activities as water skiing, tennis, jogging, dancing, bicycle riding and frisbee. Doctors testifying on behalf of both plaintiff and defendant stated that they found no objective signs of any cervical injury, and a neurological examination reported no finding of a herniated disc or cervical cord injury. It is well settled that "Where a reasonable interpretation of the facts supports the jury's findings as to the extent of an injury, a court should not exercise its discretion to find the verdict inadequate unless the amount awarded is so grossly inadequate as to be unconscionable" (*Mansfield v Graff,* 47 AD2d 581, 582; see, also, *Watson v Archer,* 46 AD2d 997; *Hallenbeck v Caiazzo,* 41 AD2d 784; *Andrek v Iowa Packers Express,* 33 AD2d 700, affd 29 NY2d 845). While the damages awarded in this case might have been appraised at a higher value by some other jury, in light of the medical testimony that there was no objective sign of any cervical injury and the wide range of strenuous activities plaintiff engaged in during the period following his accident, it cannot be said as a matter of law that the verdict in this case was so grossly inadequate as to be unconscionable. (Appeal from judgment of Oneida Supreme Court—automobile negligence.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.