■ **KEVIN O'NEILL, Respondent, v CROSS COUNTY HOSPITAL et al., Defendants, and JEROME ENGLE, Appellant.**—In a medical malpractice action, defendant Engle appeals from so much of a judgment of the Supreme Court, Westchester County, entered May 20, 1977, as is in favor of the plaintiff and against him, upon a jury verdict. Judgment affirmed insofar as appealed from, with costs. The plaintiff was hospitalized for a hernia operation. During his stay, he suffered brain damage. Among others, he sued the defendant Engle, who had served as the anesthesiologist during the operation, to recover for his injuries. Plaintiff adduced expert testimony in support of his claim that defendant Engle had been negligent. On this appeal, Dr. Engle argues that there is insufficient evidence to support the verdict of malpractice because the testimony of plaintiff's expert was purely speculative. His argument is based on the fact that the expert frequently testified in terms of possibilities. However, plaintiff's expert testified in

detail that, in his opinion, an improper combination of anesthetics was administered to plaintiff, many in unknown amounts, and that this caused respiratory depression. He expressed the view that this effect was supplemented by improper respiration assistance, which resulted in the rebreathing of carbon dioxide by plaintiff. He stated that the direct consequence of these acts by the defendant Engle was a reduction in the amount of oxygen reaching the brain. This reduction in oxygen caused plaintiff's brain damage. In his opinion, the rise in plaintiff's blood pressure, recorded on the anesthesiology chart, indicated that brain damage was occuring during the operation. Moreover, he testified that plaintiff's high temperature, seizures and six-day coma after the operation, were an effect of such damage rather than a cause. The time of the damage could not be pinpointed because Engle did not adequately monitor or note plaintiff's vital signs. On this record, the use of the word "possible" by plaintiff's expert did not destroy the probative value of his testimony, because his opinion was accompanied by detailed explanations based on the evidence. "The probative force of an opinion is not to be defeated by semantics if it is reasonably apparent that the doctor intends to signify a probability supported by some rational basis" (Matter of Miller v National Cabinet Co., 8 NY2d 277, 282). The defendant Engle also contends that the trial court's failure to marshal the evidence and relate the law to the facts in its charge was so prejudicial that a reversal is required even though he failed to object. The failure to object waived any error of law in this regard (see Barreto v Rothenhauser, 46 AD2d 632, app dsmd 37 NY2d 882). A reversal in the interest of justice is not warranted here because the summations of counsel adequately reviewed the facts and the relevant contentions of the parties and the verdict is supported by a preponderance of the evidence. We have considered defendant Engle's other contentions and find them to be without merit. Damiani, J. P., Suozzi, Rabin and Shapiro, JJ., concur.