■ E. KENNETH JAMES, Appellant-Respondent, v TERRENCE E. SHANLEY, Respondent-Appellant.—Cross appeals from an amended order of the Supreme Court, entered December 27, 1978 in Rensselaer County, setting aside a verdict in favor of plaintiff rendered at a Trial Term, and granting a new trial on the issue of damages unless plaintiff stipulates to a reduced verdict. After a jury trial, a unanimous verdict was returned in favor of plaintiff in the sum of $65,000. The Trial Judge, upon motion, held the amount of the verdict to be excessive and directed a new trial on the issue of damages unless plaintiff stipulated to reduce the verdict to $40,000. Both parties appealed, the plaintiff to set aside the order and reinstate the original verdict and the defendant to further reduce the verdict due to excessiveness. We have held that "The fixation of damages in personal injury actions is peculiarly the function of the jury and should not be disturbed unless it can be said that it was grossly * * * excessive as to be unconscionable" *(Hallenbeck v Caiazzo*, 41 AD2d 784; accord *Lesser v Brookside Hotel*, 61 AD2d 878). Similarly, other courts have held that " 'Where a reasonable interpretation of the facts supports a jury's findings as to the extent of an injury, a court should not exercise its discretion to [alter] the verdict * * * unless the amount awarded is * * * unconscionable' " *(Duchesne v Loomis*, 55 AD2d 819, 820, citing *Mansfield v Graff*, 47 AD2d 581, 582; see *Andrek v Iowa Packers Express*, 33 AD2d 700, affd 29 NY2d 845). Furthermore, "The discretion of the court to affect damages by ordering conditional new trials should be exercised sparingly, particularly in cases where damages cannot be fixed with precision" (4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.10). Here, as a result of a head-on collision plaintiff suffered fractures to his fifth and sixth ribs, possible fractures to his seventh and eighth ribs, a deep laceration to his right knee, fractures to his heels, a contusion to his left hip and a fracture to the subtalar joint, the region slightly below the ankle. Plaintiff currently suffers from spurring in his knee and ankle areas, causing stiffness and a limitation in the use of the legs in certain activities. While the medical experts disagreed as to the permanency of the injuries, purely a jury issue of credibility, they concurred in the view that injuries to plaintiff's hip would require future surgery. Next, plaintiff was hospitalized on two separate occasions due to his injuries, the second confinement due to a serious thrombophlebitis requiring day and night injections and 24 hours' surveillance for a period of nine days. Clearly, plaintiff sustained and suffered from substantial fractures and other injuries, as well as having to endure a nine-day period during which his life was at peril due to a serious thrombophlebitis directly attributed to his injuries. Further, future surgery is required. While a Trial Judge has the distinct advantage of assessing witnesses and jurors first hand, an advantage denied appellate panels (see *Figliomeni v Board of Educ.*, 38 NY2d 178, 183), such an opportunity has little input into discretionary reductions of jury verdicts where the court, as here, fails to articulate why such observations, when juxtaposed to the verdict, result in an unconscionable result. The trial court's reliance on our decision in *Riddle v Memorial Hosp.* (43 AD2d 750) is misplaced because it failed to cite to that portion of *Riddle* wherein we cautioned that (p 751) "To avoid usurping the function of the jury, the power should be used only if the

verdict is so disproportionate to the injury as to not be within reasonable bounds". We conclude that the injuries and their aftermath were not so disproportionate to the announced verdict as to be either unconscionable or outside reasonable bounds. Order reversed, on the law and the facts, with costs, and verdict reinstated. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.