■ HARLAN BEARDSLEY, Individually and as Father and Natural Guardian of DARYL BEARDSLEY, an Infant, Respondent-Appellant, v WYOMING COUNTY COMMUNITY HOSPITAL, Appellant-Respondent, and KENNETH BONE et al., Respondents. (Appeal No. 1.) — Judgment and order modified, on the facts, insofar as it represents the award for pain and suffering and a limited retrial on the issue of damages for pain and suffering granted with costs to plaintiff to abide the event, unless defendant Wyoming County Community Hospital shall, within 20 days of service of a copy of the order herein, stipulate to increase the verdict in the infant's cause of action to the sum of $100,000 for pain and suffering as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as modified, is together with the order affirmed, without costs of this appeal to any party. Memorandum: Daryl Beardsley, an infant represented by his father and natural guardian, commenced this medical malpractice action against the Wyoming County Community Hospital and the treating physician, Dr. Kenneth Bone. The jury found no cause of action against Dr. Bone but found the hospital negligent and returned a verdict against it of $6,500 for medical expenses, $50,000 for pain and suffering and $350,000 for loss of future earnings. The hospital appeals from the judgment entered on the verdict and claims, inter alia, that it was reasonably and properly following the instructions of the treating physician and that it violated no duty imposed by law. The hospital also disputes the jury's findings as to the degree that plaintiff's injury-related handicaps will restrict his employability. Plaintiff cross-appeals claiming that the award of $50,000 for pain and suffering is inadequate. A hospital may be liable for malpractice despite the absence of physician malpractice if its nursing staff negligently fails to carry out a physician's orders (see Toth v Community Hosp. at Glen Cove, 22 NY2d 255; see, also, Collins v New York Hosp., 49 NY2d 965). The jury could well have concluded from the evidence that, contrary to the treating physician's advice, the infant plaintiff was infused with an excessive amount of salt-free fluid which resulted in the dilution of his body salts causing severe cerebral edema, grand mal seizures and brain damage. On the issue of damages the facts presented at trial reveal that the plaintiff, who was then six years old, was injured in a sledding accident near his home on January 22, 1971. He was admitted to the Wyoming County Community Hospital where a routine splenectomy was completed on January 23, 1971. Following two grand mal seizures which resulted from the improper medical treatment, surgical procedures were performed to relieve intercranial edema. The infant experienced a long painful convalescence during which he was

unresponsive for a week and unable to talk or to sit up unassisted in the following month. He was able to respond to the people around him only by moving his finger to indicate he had heard them. His ability to walk and feed himself returned slowly. His condition stabilized approximately 10 months after the incident following therapy exercises started at the hospital and continued at home. Nerve transplant surgery was performed to reduce facial disfigurement. A neurologist testified as to the scope of Daryl's handicaps, including permanent facial disfigurement, deafness in one ear, lack of co-ordination and the presence of a neurological disorder known as pseudo-balbor palsy. The uncontradicted testimony indicates that Daryl's eye movement is un-co-ordinated and that the right half of his tongue is atrophied. The court observed that "the facial deformity of the boy is obvious". Sufficient evidence was presented to enable a jury to find that the infant plaintiff has physical impairments, suffers psychological insecurity and instability and that these handicaps will remain with him. CPLR 4111 (subd [d]) requires juries in medical malpractice actions to specify the applicable elements of damages upon which their award is based and the amount assigned to each element "including but not limited to medical expenses, loss of earnings, impairment of earning ability, and pain and suffering." Testimony with regard to plaintiff's future earnings was admittedly speculative in view of the boy's age which was six at the time he was injured and 14 at the time of trial. However, the testimony indicates that although plaintiff has average intelligence, the injury caused emotional disabilities which will make it impossible for him to succeed in college and difficult to tolerate employment in a competitive setting and that his handicaps will severely limit his opportunity for any employment. We see no reason to disturb this part of the verdict. The award of $50,000 for pain and suffering, however, requires different treatment. Here, the court instructed the jury that this element of damages includes "permanency". As a general rule damages are not considered to be excessive or inadequate unless the amount deviates so much from what would be considered fair compensation as to shock the conscience of the court *(Welty v Brown,* 57 AD2d 1000; *Rivera v Presbyterian Hosp. at Columbia Presbyt. Med. Center,* 55 AD2d 998). Applying these principles and based on this record we find that the award for this component of the verdict was inadequate and should be raised to $100,000. Other issues raised on these appeals have been examined and found to be without merit. All concur, except Moule, J., who dissents and votes to affirm in the following memorandum.

Moule, J. (dissenting). I dissent and vote to affirm. Plaintiff, Daryl Beardsley, recovered $400,000 for his injuries. Pursuant to CPLR 4111 (subd [d]), the jury returned an itemized verdict. Plaintiff was awarded $350,000 for impairment of earning ability and $50,000 for pain and suffering and permanent injury. While the award for pain and suffering and permanent injury may have been on the low side the recovery for impairment of earning ability was high. Taken as a whole a verdict for $400,000 was neither so excessive nor so inadequate as to shock the conscience (see, e.g., *Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, affd 51 NY2d 752; *Stark v Penn Cent. Co.,* 32 AD2d 910, affd 26 NY2d 761; *Codling v Paglia,* 38 AD2d 154, affd. 32 NY2d 330; *Barreto v Rothenhauser,* 46 AD2d 632). The determination of damages in personal injury actions is peculiarly the function of the jury and its verdict should not be reviewed as excessive or inadequate unless the amount shocks the conscience of the court, is unconscionable, or has no basis in fact from the record *(James v Shanley,* 73 AD2d 752; *Duchesne v Loomis,* 55 AD2d 819; *Mansfield v Graff,* 47 AD2d 581; *Hallenbeck v Caiazzo,* 41 AD2d 784; 14 NY Jur, Damages, § 197). "The discretion of the court to affect damages by ordering conditional new

trials should be exercised sparingly, particularly in cases where damages can not be fixed with precision" (4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.10). (Appeals from judgment and order of Wyoming Supreme Court — malpractice.) Present — Schnepp, J. P., Callahan, Doerr and Moule, JJ.