■ PATRICIA CLARK, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62962.)—Appeal from a judgment in favor of claimant, entered January 18, 1985, upon a decision of the Court of Claims (Koreman, P. J.).

Judgment affirmed, without costs, upon the opinion of Presiding Judge Harold E. Koreman of the Court of Claims. Kane, J. P., Weiss and Mikoll, JJ., concur.

Main and Yesawich, Jr., JJ., dissent and vote to reverse in the following memorandum by Main, J. Main, J. (dissenting). We respectfully dissent on the ground that the damage award of $700,000 was excessive. There can be no doubt that claimant suffered severe personal injuries in this tragic and vicious assault on March 23, 1978. As a result, claimant has several disfiguring and permanent scars in the upper chest and lower neck area and permanent nerve damage in the upper left arm and shoulder. She was hospitalized for nine days immediately following the incident, during which time she underwent surgery for the repair of lacerated veins, muscles and nerves. This was followed by a three-week recovery period spent with her parents before returning home. The testimony reveals that, during this period and for some time thereafter, she suffered from emotional stress. On July 13 and 14, 1978, claimant returned to Albany Medical Center Hospital for plastic surgery to improve the appearance of the scars on her neck and chest. On December 11, 1978, a similar procedure on a scar on claimant's neck, which was causing some discomfort, was carried out. In 1981, the left arm and shoulder were causing problems in that claimant experienced intermittent pain and a cramping sensation. Rehabilitation therapy was termed, in large measure, successful, but claimant still has some limitation and occasional pain. Claimant's total hospital and doctor bills amounted to $6,740.05.

Significantly, in the fall of 1978, claimant went to work for an Albany bank and was still with the bank at the time of the trial in late 1984. From the time claimant started to work, she has provided and maintained a home for herself and three children, performed her job sufficiently well to have been granted periodic raises in salary and carried on a very busy but normal life. Not until February of 1984, almost six years subsequent to this incident, did claimant feel the need to seek any psychiatric help. Her psychiatrist opined that claimant had suffered from a traumatic stress syndrome which he classified as mild. Claimant counseled with the doctor six or seven times, was never hospitalized, was not given tranquilizers, and, in fact, no medicine of any kind was prescribed. Claimant, to her credit, has, largely through her own dedication and perserverance and the fine medical treatment received, recovered to such an extent that she is able to care for her three children and maintain their home while working full time at a responsible position.

While her scars are a reminder of this tragic event, and she will never be able to completely erase it from her mind, after

a consideration of all of the factors which are to be considered in ascertaining whether damages are excessive *(see, Riddle v Memorial Hosp.,* 43 AD2d 750), we must conclude that the damages awarded are so disproportionate to the injuries as not to be within reasonable bounds. We would therefore reverse and remit for a new trial.