■ HAROLD KLUMP et al., Appellants-Respondents, v RAY-MOND K. BOWMAN, Doing Business as BOWMAN'S ORCHARD, Respondent-Appellant.—Per Curiam. Cross appeals from an amended order and judgment of the Supreme Court, entered December 7, 1984 in Montgomery County, which, *inter alia,* set aside a verdict in favor of plaintiff Harold Klump rendered at Trial Term (Crangle, J.), and granted a new trial to said plaintiff solely on the issue of damages unless defendant stipulated to an increased verdict.

On October 26, 1980, plaintiff Harold Klump and his wife, plaintiff Lillian Klump, were picking apples on a "pick your own" farm owned and operated by defendant. Defendant furnished ladders to customers to use in picking the apples from trees on the farm. Harold Klump observed a stepladder under an apple tree. He ascended three steps up the ladder when it broke, causing him to fall and sustain a simple fracture of the left lateral malleolus bone of the left ankle with a tearing of the ligaments on the inner aspect of the ankle. Plaintiffs did not inspect the ladder before using it. This ladder was not one furnished by defendant but belonged to a customer who had left it under the tree. The ladder appeared old and weather beaten. It had been spliced alone one side with a two-by-four piece of wood.

After trial, a jury rendered a verdict apportioning liability 60% against plaintiffs and 40% against defendant. Total damages were assessed in the amount of $6,250 in favor of Harold Klump and $250 in favor of Lillian Klump for her derivative action, reduced to $2,500 and $100, respectively, by virtue of plaintiffs' comparative negligence.

In response to posttrial motions, the trial court refused to order a new trial on the issue of liability, but granted a new trial to Harold Klump on the issue of damages only unless defendant stipulated to increase the damages awarded to $12,000—reduced to $4,800 by reason of comparative negligence. An amended order and judgment was thereafter entered. Plaintiffs appealed from the denial of their motion to set aside the verdict and from so much of the amended order and judgment as conditionally granted a new trial to Harold

Klump on the grounds of inadequacy. Defendant cross-appealed from the conditional award as to damages only.

We agree with the jury's apportionment of liability. However, turning to the issue of damages, we reach a different conclusion. "The fixation of damages in personal injury actions is peculiarly the function of the jury and should not be disturbed unless it can be said that it was so grossly inadequate or excessive as to be unconscionable" *(Hallenbeck v Caiazzo,* 41 AD2d 784). And, "[w]here a reasonable interpretation of the facts supports the jury's findings as to the extent of an injury, a court should not exercise its discretion to [alter] the verdict * * * unless the amount awarded is * * * unconscionable" *(Mansfield v Graff,* 47 AD2d 581, 582; *accord, James v Shanley,* 73 AD2d 752). Further, a Trial Judge should not interfere with a verdict merely "because he dislikes it or because he would have awarded a different amount if the trial had been before the court without a jury" *(Mormon v Serkanic,* 25 AD2d 526).

In the instant case, the jury heard Harold Klump testify that he lost $2,228 in lost wages because he was unable to work for five weeks. Additionally, there was testimony from the treating physician that he had released Harold Klump for return to work on November 5, 1980, some three weeks before he actually returned to work. Harold Klump's hospital expenses were shown to be approximately $100 and medication expenses approximately $5. The treating physician said that his services were worth "a few hundred dollars". No bills were submitted for such physician services.

However, the attending orthopedist testified as to his course of treatment and his opinion that Harold Klump's residual disability was permanent in nature. The record demonstrates that Harold Klump suffered a painful, disabling fracture of the ankle, with a resulting permanent loss of motion in the ankle accompanied by swelling and pain in the area of the fracture. This condition has resulted in a forced limitation in his activities, which his attending physician views as permanent in nature. Under the circumstances, we view the verdict of the jury as so grossly inadequate as to require a new trial limited to the issue of damages *(see, Garfield v Stolz,* 32 AD2d 835, *affd* 26 NY2d 929; *cf. Moffatt v Arlene Realty Mgt.,* 109 AD2d 934).

Order and judgment modified, on the facts, without costs, by deleting so much thereof as required defendant to stipulate to increase the verdict to $12,000, and, as so modified, affirmed.

Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.