■ Mark R. Hedgepeth, Appellant, v George L. Merz, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Fischer, J.), entered July 25, 1986 in Broome County, which granted defendant's motion to set aside a verdict rendered in favor of plaintiff, and granted a new trial unless plaintiff stipulates to a reduced verdict.

Since defendant has not appealed, the only issue to be decided is whether Supreme Court erred in setting aside the verdict in favor of plaintiff unless plaintiff stipulates to accept a reduction in the amount of the verdict from $150,000 to $80,000. Plaintiff presented expert proof that he had suffered psychic and emotional damage which affected his ability to enter into and maintain intimate relationships. One of the experts testified that "[t]o some extent the damage is permanent", and he opined that future therapy for plaintiff would cost some $6,000 per year for the first two to four years and $2,000 to $2,500 per year thereafter. The record, however, established that therapy had cost plaintiff $700 to the date of trial, and that plaintiff has been productively employed, has been attending school and has entered into an intimate relationship with another woman. The record as a whole supports Supreme Court's decision and its order should be affirmed.

Order affirmed, with costs. Main, J. P., Casey and Yesawich, Jr., JJ., concur.

Mikoll and Levine, JJ., dissent and vote to reverse in a memorandum. Mikoll, J. (dissenting). We respectfully dissent. The issue here is whether Supreme Court committed error in setting aside the jury verdict. The size of a damage award appropriate under the circumstances is a question of fact and, therefore, generally for the jury to decide. The court cannot substitute its own judgment for that of the jury. A jury verdict is not to be set aside lightly (see, James v Shanley, 73 AD2d 752). The test is whether the jury's verdict is so excessive or inadequate that it shocks the conscience of the court (Merrill v Albany Med. Center Hosp., 126 AD2d 66).

There is meager case law to assist in an evaluation of the adequacy of this verdict. In most cases psychic damage is tangentially related to physical damage (see, Bartolone v Jeckovich, 103 AD2d 632). We note that the damages alleged here are extraordinary and the commonplace experience of life is not particularly helpful in their evaluation.

We, therefore, consider the testimony of experts skilled in the treatment of emotional disorders as crucial to a proper evaluation of the extent of damage. Plaintiff offered the testimony of his therapist, Ronald L. Kissick, which was further supported by the testimony of Dr. Raymond Romanczyk, a licensed social psychologist, on the question of damages. Both verified plaintiff's contention that he had sustained severe and permanent emotional damage resulting from defendant's departure from the standard of care of family counselors and

from defendant's violation of the relationship of trust that is fundamental to a counselor-patient relationship. Defendant's violation of accepted norms in the profession included defendant's utilization of information received from plaintiff during the counseling relationship to the patient's detriment, taking advantage of plaintiff emotionally by involving himself in a sexual relationship with plaintiff's wife and violating plaintiff's confidences. It was indicated that plaintiff would require therapy for the remainder of his life. The cost was estimated to be $6,000 per year for a period of two to four years and thereafter at a reduced cost of $2,000 to $2,500 per year. Defendant offered nothing to controvert the extent of damages or the cost of adequate treatment.

In the instant case, it is to be noted that the trial was conducted by an experienced, evenhanded and knowledgeable jurist. The instructions to the jury were a model of thoroughness and clarity. In setting aside the verdict, Supreme Court found that, "keeping in mind that no recovery may be had for a cause of action for alienation of affection, the proof of damages could not support a verdict any greater than $80,000". It appears that the court at least inferentially concluded that the jury must have been swayed by defendant's egregious behavior in alienating the affections of plaintiff's wife. There is no basis for such an assumption. The recurrent theme of the charge was to make it crystal clear to the jury that plaintiff's claim was grounded on psychic damage and not on alienation of affection. Nothing in the record indicates that the jury did not conform to these explicit instructions.

We find the majority's examples of outward signs of plaintiff's normality as irrelevant on the issue of damages. These are a layman's conclusions and not particularly helpful in so esoteric a field as psychic damage. Counterbalancing these signs of normality were others indicative of deep emotional instability and permanent harm. The jury had the benefit of hearing all the witnesses in this case and a thorough instruction on the law. In view of the estimate of damages from two experts in the field of psychic illness and plaintiff's own testimony regarding the injury inflicted upon him, the verdict of the jury was supported in the record and should be affirmed.