■ HARVEY L. SAFRAN et al., Respondents, v JAMES J. AMATO et al., Appellants and Third-Party Plaintiffs-Appellants, and GAIL I. STEINER et al., Respondents. CITY OF NEW YORK, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., the defendants James J. and Joyce S. Amato appeal from an interlocutory judgment of the Supreme Court, Suffolk County (Baisley, J.), entered February 24, 1988, which, after the liability phase of a bifurcated jury trial at which the trial court granted judgment as a matter of law, dismisses the complaint and their cross claim against the defendants Gail and Sheldon Steiner, dismisses their third-party complaint against the City of New York, and is in favor of the plaintiffs and against the defendant James J. Amato.

Ordered that the appeal by the defendants James J. and Joyce S. Amato from so much of the interlocutory judgment as dismissed the plaintiff's complaint against the Steiners is dismissed since they are not aggrieved by that provision of the judgment *(see,* CPLR 5511); and it is further,

Ordered that the interlocutory judgment is affirmed insofar as reviewed; and it is further,

Ordered that the defendants-respondents and the third-party defendant-respondent, appearing separately and filing separate briefs, are awarded one bill of costs, payable by the appellants.

This action arose from an automobile accident occurring at the intersection of Henley Road and Edgerton Boulevard in Queens County. The defendant Gail I. Steiner, driving an automobile owned by her husband, the defendant Sheldon M. Steiner, was traveling northbound on Edgerton Boulevard. The defendant James J. Amato, driving an automobile owned by his wife, the defendant Joyce S. Amato, was traveling westbound on Henley Road. In the Amato vehicle, Theodore Radin was seated in the front passenger seat and the plaintiff Harvey Safran was seated in the back seat. Vehicular traffic on Henley Road was controlled by a stop sign on the northeast

corner of the intersection. Additionally, the word "STOP", in large bold white letters was painted in the roadway controlling the travel on Henley Road. It was alleged that Mr. Amato failed to observe either the stop sign or the painted "STOP" in the roadway, and his vehicle proceeded into the intersection, colliding with the Steiner automobile. In the third-party action against the City of New York, the Amatos claimed that the city was negligent because the stop sign was obscured by vegetation.

Upon dismissing the complaint against the Steiners, the trial court properly granted the Steiners' motion to dismiss the cross claim against them. The uncontroverted testimony at the trial was that as Mrs. Steiner approached the intersection, she observed the Amato vehicle, which appeared to be slowing down. Mrs. Steiner knew that a stop sign was at that location. As she went through the intersection, the Amato automobile crashed into her vehicle. Mr. Amato conceded that he did slow down as he reached the intersection, but he claimed that he never saw the stop sign or the painted "STOP" in the roadway, or the Steiner vehicle. He testified that he had no memory whatever of the events that occurred after he reached the intersection. The passenger Radin testified that as the Amato vehicle approached the intersection, he had observed the painted "STOP" in the roadway. Then the Amato vehicle suddenly accelerated and struck the Steiner vehicle. Under these circumstances, Mrs. Steiner had the right to assume that Mr. Amato would obey the mandate of the stop sign by stopping his vehicle until her vehicle proceeded safely through the intersection (see, Mansfield v Graff, 47 AD2d 581). While Mrs. Steiner still had a duty to proceed with caution, the testimony discloses that she "did all that a reasonable person would be expected to do under the circumstances" (Mansfield v Graff, supra, at 582), and no evidence was adduced showing any negligence on her part.

In addition, the trial court properly dismissed the Amatos' third-party complaint against the City of New York. There was no evidence presented supporting the theory that the city was negligent because it failed to remove certain foliage allegedly obscuring the stop sign. Photographs taken within two hours of the accident were admitted in evidence and support the testimony of Police Officer Merengola, assigned to investigate the accident. Those photographs show that from about three car lengths away, the stop sign was visible, although partially obscured by foliage from a nearby tree. The photographs further indicate that the stop sign became com-

pletely visible about 1½ car lengths from the stop sign, and the painted "STOP" in the roadway was clearly visible from more than three car lengths away.

The trial court also properly granted the plaintiffs judgment as a matter of law against Mr. Amato. It is clear that he did not stop his vehicle before entering the intersection. As noted, there was no evidence in support of his contention that he did not see the stop sign because it was obscured by foliage, and indeed, he did not testify that his failure to see the stop sign was due to any foliage allegedly obscuring the sign. Rather, he failed " 'to see that which under the facts and circumstances he should have seen by the proper use of his senses' " (1 NY PJI2d 225; *see, Weigand v United Traction Co.,* 221 NY 39, 42; *Patenaude v Fortin,* 4 AD2d 410, 413-414). Thus, the evidence does not raise a triable issue of fact that should have been presented to the jury.

We have considered the Amatos' other contentions and find them to be without merit. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.