■ RUTH LAIZURE, Respondent, v ROSLYN HIGHLANDS HOOK, LADDER, ENGINE & HOSE CO., INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated June 24, 1988, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants and directed a new trial.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, the

verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment on the verdict.

The power of a trial court to exercise its discretion in setting aside a jury verdict is a broad one, intended to ensure that justice is done *(Salazar v Fisher,* 147 AD2d 470; *see also, Micallef v Miehle Co.,* 39 NY2d 376; *Nicastro v Park,* 113 AD2d 129). However, it has often been stated that "a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached [its] verdict on any fair interpretation of the evidence' " *(Nicastro v Park, supra,* at 134, quoting from *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643; *see also, Salazar v Fisher, supra,* at 472).

The accident giving rise to this litigation occurred in a parking lot. Several fire engines, which had been participating in a just-concluded parade, had proceeded to the parking lot and the plaintiff was injured when she became pinned between two of them.

The evidence adduced at trial established that the plaintiff had attended several fire department parades in the past. The record further reveals that at the time of the accident, the driver of fire truck No. 592, having come to a full stop behind fire truck No. 591 before parking next to it, was traveling less than one mile per hour, that he exercised appropriate caution, made full use of sideview mirrors, and that the truck's flashing lights were on. In addition, the truck was 28 feet long and was powered by a loud 12-cylinder engine. Thus, the jury could have fairly found that the defendant driver of fire truck No. 592 was not negligent, but rather that the plaintiff was negligent in standing near the right rear wheel of fire truck No. 591 as fire truck No. 592 was pulling into the immediately adjacent parking space, and that her negligence was the sole proximate cause of her injuries. We conclude therefore that the trial court abused its discretion in setting aside the verdict in the defendants' favor.

We have considered the plaintiff's other contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.