■ STACIA NAUTEL, Respondent, v DAVID CRATES, Appellant. —Yesawich, Jr., J. Appeal from an order of the Supreme Court (Doran, J.), entered February 15, 1990 in Schenectady County, which partially granted plaintiff's motion to set aside a verdict rendered in favor of plaintiff, and, inter alia, ordered a new trial on the issue of future damages.

As a result of a fall, plaintiff sustained a fractured clavicle and other injuries; this negligence action followed. A jury awarded plaintiff $10,000 for pain, suffering and disability endured to the date of the verdict, but nothing for future damages. On the return of the verdict, plaintiff's motion to set it aside as inadequate and contrary to the evidence was denied.

Shortly thereafter, plaintiff moved again, this time on formal papers, to set the verdict aside. Supreme Court concluded that in view of the uncontradicted evidence that "[t]he bony prominence of the plaintiff's left clavicle is clearly a permanent disfigurement", the jury's failure to award plaintiff any damages for future injury, pain, suffering and disability deviated materially from what would be reasonable compensation *(see,* CPLR 5501 [c]).* A new trial on the question of future damages for the permanent collarbone disfigurement only was ordered unless defendant agreed to stipulate to pay $15,000 for that injury. Defendant argues on appeal that the court abused its discretion when it altered the jury's verdict; we disagree.

Although defense counsel's recollection is that Supreme Court never saw plaintiff's clavicle, which she displayed to the jury during the trial, the court's decision implicitly suggests otherwise. Moreover, the evidence is overwhelming that plaintiff's collarbone was permanently disfigured. Photographs received into evidence at trial depict a prominent deformity of the clavicle. Both plaintiff and her mother testified without objection that the photographs, though taken approximately one year prior to the trial, accurately reflected the collarbone as it looked at the time of trial. Moreover, plaintiff's medical expert testified that there was a "deformity" which was "permanent". Finally, the medical records classified the prominance as permanent and defendant introduced no evidence to the contrary. Given the undisputed evidence respecting the disfiguring nature of plaintiff's injury, Supreme Court's decision to adjust the jury award was a reasonable exercise of its discretionary powers *(see, Klump v Bowman,* 117 AD2d 857, 858; *cf., Hutchins v Gorlicki,* 92 AD2d 1000, 1001, *appeal dismissed* 61 NY2d 757).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.

---

* Neither party has questioned the propriety of Supreme Court employing this standard of review *(but see,* Siegel, 1986 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5501:10 [1991 Pocket Part], at 5).