■ Dorothy Aunchman, Respondent, v Cynthia Palen, Appellant, and James Biscardi, Jr., Respondent.—In an action to recover damages for personal injuries, the defendant

Cynthia Palen appeals from (1) a judgment of the Supreme Court, Orange County (Hickman, J.), dated March 14, 1990, which, upon a jury verdict finding her 100% at fault in the happening of the accident, and upon a separate jury verdict on damages, awarded the plaintiff the principal sum of $200,000, and (2) an amended judgment of the same court, entered February 5, 1991, which dismissed the complaint as to the defendant James A. Biscardi, Jr., and dismissed the cross claim for contribution asserted by the defendant Cynthia Palen against the defendant James Biscardi, Jr.

Ordered that the judgment and the amended judgment are affirmed, with one bill of costs.

The power of a trial court to exercise its discretion in setting aside a jury verdict is a broad one, intended to ensure that justice is done (see, Laizure v Roslyn Highlands Hook, Ladder, Engine & Hose Co., 156 AD2d 337, 338). However, a jury verdict in favor of either a defendant or a plaintiff should not be set aside unless the jury could not have reached its verdict on any fair interpretation of the evidence (Laizure v Roslyn Highlands Hook, Ladder, Engine & Hose Co., supra; see, Nicastro v Park, 113 AD2d 129, 134). In prosecuting her appeal from the dismissal of her cross claim against the defendant James Biscardi, Jr., the defendant Cynthia Palen carries the same burden of persuasion that is imposed upon a losing plaintiff. We find that the verdict is not against the weight of the evidence. The jury could reasonably have found that a proximate cause of the collision was Palen's negligent failure to stop as required by Vehicle and Traffic Law § 1142 (a) and § 1172 (a) (see, Smart v Wozniak, 58 AD2d 993; Mansfield v Graff, 47 AD2d 581, 582). The defendant Biscardi, knowing of the presence of a stop sign at Lakeside Drive, was entitled to assume that his was a favored route and that a driver (i.e., Palen), approaching simultaneously from the disfavored direction would obey the sign's mandate (see, Vehicle and Traffic Law § 1142; Smart v Wozniak, supra; Mansfield v Graff, supra). Moreover, in determining disputed factual issues, such as the existence of a snowbank, the jury chose Biscardi's version as more credible. It is well established that issues regarding the credibility of witnesses and the accuracy of their testimony are for the jury to determine and its verdict will not be disturbed if it could have been reached by any fair interpretation of the evidence (see, Buchberger v Barrack, 151 AD2d 632, 633). Moreover, we see no reason to disturb the damage award to the plaintiff, a passenger in the vehicle being driven by Biscardi. In view of the nature and extent of

the plaintiff's injury and the expert medical evidence, the jury's award of $200,000 for past pain and suffering was not so excessive as to "deviate materially from what would be reasonable compensation" *(Gayton v Palmateer,* 163 AD2d 780, 782; *see also, DeSisto v New York City Tr. Auth.,* 151 AD2d 639; *Dittrich v City of New York,* 144 AD2d 335; *Lester v Jolicofur,* 120 AD2d 574).

We have examined Palen's remaining contentions and find them to be without merit. Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.