■ CORNELIUS REICH, Respondent, v. SOL EVANS et al., Appellants.— Appeal by the defendants from a judgment of the Supreme Court, Sullivan County, entered upon a verdict of $15,000 for the plaintiff in a negligence action. On March 14, 1956 the plaintiff was riding to work in a car owned by the defendant Leona Evans and driven by the defendant Sol Evans, her husband. Evans was driving at a speed of 45 miles per hour when he came up behind another car proceeding in the same direction. He pulled out to pass and according to his testimony did not accelerate. The plaintiff testified that Evans had increased his speed to about 50. The skid which led to the accident occurred after the car had traversed 300 to 400 feet after the passing maneuver and there was some conflict in the testimony as to whether it occurred when the Evans car was returning to the right lane or after it had returned. The plaintiff testified that Evans then applied the brakes and the car "took off" sideways. The car struck an embankment and overturned twice. The passing took place on a crest followed by a downgrade in the highway. The road was covered with snow and it was snowing at the time of the accident. While riding there was no conversation between Evans and the plaintiff and they had been listening to the radio. Taken to the hospital after the accident, plaintiff was treated by a Dr. Breakey who found him in shock and suffering from a contusion and abrasion of the left side of the forehead, a laceration of the posterior aspect of his left forearm above the wrist, a sprain of the left shoulder and left arm, a contusion of the left thigh and left knee, a sprain of his neck muscles, an abrasion of his right hand and a severe sprain in the lumbar region. Four sutures were made in the laceration on the left wrist. His left arm and shoulder, and left knee and thigh became swollen and tender and he had a stiff neck. For four to six weeks after the accident there

was evidence of muscle spasm and inability to flex and extend his back. The plaintiff did not stay in the hospital but returned home where he was confined to his bed for about two weeks. Dr. Breakey prescribed a belt to support the plaintiff's back which he still wears. He was treated by Dr. Breakey until June 2, 1956 and for this period was totally disabled. After this he was partially disabled, returning to work on July 2, 1956. The plaintiff testified that he still suffers pain in his back. Dr. Breakey testified on reasonable medical certainty, that the plaintiff had a weak back as a result of the accident. No medical testimony was produced to the contrary. The appellants maintain that the plaintiff failed to show that appellants' negligence caused the skid; that the plaintiff was guilty of contributory negligence as a matter of law and that the verdict was excessive and based on medical testimony which was speculative. The jury could properly have found that the defendant Sol Evans was guilty of negligence in the operation of the automobile here involved. It is true, as appellants contend, that negligence cannot be left to speculation or surmise and that a mere unexplained skid is not sufficient to show negligence (*Lahr* v. *Tirrill*, 274 N. Y. 112). But here we have more than an unexplained skid. The car was admittedly being driven at a speed of 45 miles per hour over a road covered with snow, it was snowing at the time and the driver, Sol Evans turned out of his lane, on the crest of a downgrade, to pass a car. The skid occurred after 300 to 400 feet had been traversed either just as or just after the car returned to the right lane, and Evans admittedly lost control of the car. The speed alone under such conditions would be sufficient to raise a question of fact for the jury as to negligence (*Hollenbeck* v. *Hollenbeck*, 286 App. Div. 937). The jury could also find that Evans was negligent in passing a car at that speed under the conditions and that this action was the proximate cause of the accident. The appellants contend that the plaintiff was contributorily negligent as a matter of law because he sat idly by while Evans was driving at a negligent speed. The jury, however, could have found that Evans had not operated the car in a negligent manner until he passed a car going at that speed under the conditions that existed and that it was reasonable for the plaintiff to do nothing then so as not to interfere with the operation of the car at a crucial moment (*Cole* v. *Cole*, 5 A D 2d 908). As the court said in *Nelson* v. *Nygren* (259 N. Y. 71, 75–76): "The question is not whether the guest should protest against fast driving, call attention to apprehended danger, or demand that the car be stopped so that he could get out. The legal question is whether, under the circumstances, he acted with the care that a reasonable prudent man would have used under the circumstances." The court went on to say that this is ordinarily a question of fact for the jury to determine and in this case, the jury could properly find that the plaintiff was free of contributory negligence. The appellants object to the medical testimony which supports the verdict as being speculative because the doctor used such terms as "apparently" and "I think" when referring to the weak back condition. The doctor did, however, state that in his opinion, based on reasonable medical certainty, the plaintiff was suffering from a weak back condition which was permanent. No medical testimony was presented to refute his opinion and the jury could properly find from it that the plaintiff has a permanent weak back condition. The amount of damages is in the province of the jury and will not be disturbed unless it is so disproportionate to the injury that it is not within reasonable bounds. However, on this record in our view the verdict is excessive and should be reduced. In the event the parties stipulate, within 20 days of the entry and service of the order to be entered in this court that the damages be fixed at $10,000, the judgment as thus modified is affirmed, without costs. In the absence of such stipulation the judgment is reversed and a new trial ordered, with costs

to abide the event. Bergan, Gibson, Herlihy and Reynolds, JJ., concur; Foster, P. J., dissents, and votes to affirm.