■ JOHN MORMON et al., Respondents, v. LAWRENCE J. SERKANIC, Appellant, et al., Defendant.— In a negligence action to recover damages for personal injuries, defendant Serkanic appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County, entered May 1, 1964 after a jury trial, as, on plaintiffs' motion, vacated and set aside as inadequate the verdict insofar as it was against said defendant and granted a new trial as against him, unless plaintiffs accept and said defendant agree to pay to them respectively certain amounts of money, which are in excess of the amounts respectively awarded to them by the jury. Order, insofar as appealed from, reversed on the law and the facts, with $10 costs and disbursements, and motion as to appellant denied and verdict as to appellant reinstated, without costs. The jury rendered a verdict for $25 in favor of plaintiff Sharkey, $330 in favor of plaintiff Wright and $400 in favor of plaintiff Mormon. The order under review set aside the verdict as inadequate and granted a new trial, unless plaintiffs accept and said defendant agree to pay them as follows: $750 to Sharkey, $2,400 to Wright and $1,750 to Mormon. None of the plaintiffs' doctors or Sharkey's dentist testified, most or all of them were not paid, and there was no proof as to the reasonable value of the services of the doctors or the dentist. There was no satisfactory proof that any of the plaintiffs lost earnings or wages as a result of the accident and there was no explanation for the plaintiffs' failure to produce the dentist or any of their doctors. Defendant Serkanic produced the doctor who at his request had examined the plaintiffs. The fixation of damages for personal injuries is peculiarly the function of the jury (*Brown* v. *McChesney*, 279 App. Div. 825) and the Trial Justice may not interfere with the verdict just because he dislikes it or because he would have awarded a different amount if the trial had been before the court without a jury (cf. *Mann* v. *Hunt*, 283 App. Div. 140; *Kligman* v. *City of New York*, 281 App. Div. 93). While we realize that the Trial Justice is often in a better position than an appellate court to determine whether a verdict is excessive or inadequate (*Mann* v. *Hunt*, *supra*; *Kligman* v. *City of New York*, *supra*), it is our view that in this case, which involved an alleged claim of inadequacy and therefore no claim of successful appeal to the jury for sympathy for plaintiffs, the conditional setting aside of the verdict was an improvident exercise of discretion. There was proof which, coupled with plaintiffs' failure to produce medical witnesses, justified the verdict. Ughetta, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur; Christ, J., dissents and votes to affirm the order insofar as appealed from.