■ · PITTSFORD PLAZA, INC., Appellant, v. TOWN OF PITTSFORD, Respondent, and DONALD M. ROWE et al., Intervenors-Respondents. (Appeal No. 1.)— Judgment unanimously modified in accordance with memorandum and as modified affirmed, with costs to respondents. Memorandum: We agree with the determination at Trial Term that plaintiff failed to establish the unconstitutionality of the zoning ordinance for the reasons stated in his decision and the decision in *Dauernheim, Inc.* v. *Town Board of the Town of Hempstead* (33 N Y 2d 468.) However, since the action is one for declaratory judgment the court should have declared the validity of the ordinance instead of dismissing the complaint (see *Lanza* v. *Wagner,* 11 N Y 2d 317, 334; *Town of Pittsford* v. *Gallea,* 25 A D 2d 479, affd. 18 N Y 2d 920). (Appeal from judgment of Monroe Trial Term in declaratory judgment action.) Present — Marsh, P. J., Witmer, Mahoney, Goldman and Del Vecchio, JJ.

■ PITTSFORD PLAZA, INC., Appellant, v. TOWN OF PITTSFORD, Respondent, and DONALD M. ROWE et al., Intervenors-Respondents. (Appeal No. 2.)— Judgment unanimously modified in accordance with memorandum and as modified affirmed. Same memorandum as in *Pittsford Plaza* v. *Town of Pittsford* (44 A D 2d 886). (Appeal from judgment of Monroe Trial Term in declaratory judgment action.) Present — Marsh, P. J., Witmer, Mahoney, Goldman and Del Vecchio, JJ.

■ KATHRYN E. STAFFORD, as Limited Administrator of the Estate of RAY J. STAFFORD, Deceased, Appellant, v. MUSSERS POTATO CHIPS, INC., et al., Respondents.— Order unanimously affirmed, without costs, upon the opinion at Steuben Special Term. (Appeal from order of Steuben Special Term in negligence action.) Present — Marsh, P. J., Witmer, Mahoney, Goldman and Del Vecchio, JJ.

■ ROCCO FIGLIOMENI, an Infant, by FRANK FIGLIOMENI, His Father, Appellant-Respondent, v. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF SYRACUSE et al., Respondents-Appellants.— Judgment unanimously modified by increasing the amount of the award to $175,000, with interest and costs, and as modified affirmed with costs to plaintiff. Memorandum: On May 20, 1966 plaintiff was accidentally struck in the head by a hard baseball thrown by defendant Gangemi, resulting in multiple fractures of the left frontal bone and injury to his brain requiring surgery. As a result of the accident he has, among other things, suffered post-traumatic epilepsy, which has not responded to medication, and a disabling dysphasia. The epileptic seizures are permanent and although he will have a normal life expectancy, which was computed at 50 years from the time of trial in April, 1973, he will probably require constant nursing and personal care for the rest of his life. The award of $125,000 plus interest and costs made by the Trial Judge, after a trial solely on the amount of damages, without a jury, is inadequate and should be increased to $175,000 plus interest and costs. (CPLR 5522; *Duffy* v. *City of New York,* 7 A D 2d 988; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5522.04.) (Appeals from judgment of Onondaga Trial Term in negligence action.) Present — Witmer, J. P., Moule, Cardamone, Mahoney and Goldman, JJ.