■ MARGARET A. CAYEA, Appellant, v STATE OF NEW YORK THRUWAY AUTHORITY, Respondent.—Judgment affirmed, without costs. Memorandum: The award of the Trial Judge was adequate. The record reveals that it was not until one month following her accident that claimant began complaining of pain in her right shoulder. Claimant's doctor testified that although claimant complained of this pain, he took no X ray of the shoulder, he did not refer claimant to a specialist and he eventually recommended no further treatment for the shoulder. Additionally, there was evidence that claimant was involved in a second automobile accident as a result of which she claims that her prior shoulder injury was aggravated, yet it was never established to what extent this subsequent accident was responsible for claimant's present alleged suffering. Finally, the doctor's testimony concerning the permanence of claimant's shoulder injury and the possibility of recurring pain and suffering was highly speculative. Based upon this evidence it cannot be said that the court's conclusion that claimant suffered no permanent injury to her shoulder is unfounded or that its award consisting of $1,500 for pain and suffering is inadequate. Questions of fact and credibility of witnesses were properly the province of the Court of Claims and, absent any determination that its findings were incorrect or contrary to the weight of the evidence, its decision should not be disturbed *(Warren v New York State Thruway Auth.,* 51 AD2d 679, 680; see, also, *Billington v State of New York,* 33 AD2d 822, 823). All concur except Dillon, J., who dissents and votes to modify the judgment in the following memorandum: The trial court's finding that claimant suffered no permanent injury in the area of her right shoulder is based solely upon its review of the medical testimony. I reject that finding. Claimant's doctor testified that it was his medical opinion that she would have permanent recurrence of pain upon engaging in certain activities and upon changes in atmospheric conditions. The medical proof, contrary to the statement of the majority, was not at all speculative and was not controverted. In its decision the trial court fully credited the expert testimony but misstated that portion thereof regarding the permanency of claimant's injuries. I find that the expert testimony established to a reasonable degree of medical certainty that claimant's shoulder injury will continue to cause her pain and suffering (see 7A

Warren's Negligence, Personal Injuries, § 2.02 [1], p 305; cf. *Reich v Evans,* 7 AD2d 765). Since the trial court failed to take this element of damages into account, the amount of the award should be increased. In the circumstances of this case we may unconditionally adjust the award (see *Figliomeni v Board of Educ.,* 44 AD2d 886, affd 38 NY2d 178, 186). In view of the nature of the injury and considering that at the time of trial claimant had an average life expectancy of 50 years, the award should be increased to $6,960.88, plus interest and costs. (Appeal from judgment of Court of Claims —negligence.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.