■ JOHN TURNER et al., Respondents, v ALAN MILLER, Appellant.— Appeal from a judgment, entered July 13, 1976 in Otsego County, upon a verdict rendered at a Trial Term in favor of plaintiff Jacqueline Turner in the sum of $25,000, and a reduced verdict in favor of plaintiff John Turner in the sum of $1,903. This is a negligence action for dental malpractice. In 1967, plaintiff Jacqueline Turner, a resident of Long Island, became a dental patient of the defendant, Dr. Alan Miller. In the course of her treatment by Dr. Miller, he recommended that her teeth, by reason of their condition, be ground down and artificial caps or crowns be affixed in their places. The procedures adopted by Dr. Miller extended over a long period of time involving 100 visits to Dr. Miller until 1973 when Mrs. Turner moved from Long Island to Otsego County, New York. Less than a year after the last set of permanent crowns had been installed by Dr. Miller, Mrs. Turner began experiencing great pain and swelling in the area where the crowns had been installed, and consulted Dr. Waugh, a dentist in Oneonta, New York. Dr. Waugh removed some of the crowns and discovered decay and infection under the crowns. Mrs. Turner was treated by Dr. Waugh from 1974 until 1976 for relief of pain and discomfort, and the removal of the crowns that had been placed in her mouth by Dr. Miller. In testifying at the trial, Dr. Waugh stated that his bill for services was $223, and that the cost of restoring the plaintiff's teeth would be $1,680. Mrs. Turner testified that she was 22 years old in 1967 when she started treatment with Dr. Miller and, at the time of trial, she was still suffering from pain in the area of the treatment by Dr. Miller. Dr. Waugh substantiated Mrs. Turner's testimony that she had constant pain in the area where Dr. Miller's dental services were performed, constant bad breath and bad taste, and white substances on her gums and teeth as well as a swollen face. The jury returned a unanimous verdict awarding plaintiff, Jacqueline Turner, the sum of $25,000 and plaintiff, John Turner, in the derivative action, the sum of $10,000. On the motion to set the verdicts aside as excessive, the court reduced the verdict on plaintiff John Turner's cause of action to the sum of $1,903, which reduction has not been appealed. The defendant contends that the plaintiffs failed to establish a prima facie case of professional malpractice, and that the verdict of $25,000 in money damages for Mrs. Turner was excessive, and against the weight of the evidence. Dr. Waugh testified as plaintiffs' expert witness that properly fitted crowns would not decay in a period of at least 20 years, and that tooth decay occurred where there was a leak at the margin of the crowns which would be from improper fitting, or by decay that had been left inside and covered over by the crowns. The defendant presented no expert witness at the trial other than his own testimony. The jury, from the evidence, could properly determine that the testimony of Dr. Waugh was sufficient to prove that Dr. Miller did not properly prepare and treat Mrs. Turner's dental condition in accordance with the standard practice of dentists in the area where defendant practiced dentistry and

was, therefore, liable for his malpractice *(Stephenson v Parker,* 254 NY 561; *Chertok v Effremoff,* 253 NY 523; *Daley v Talley,* 242 NY 563). On the issue of the contention that the verdict of $25,000 was excessive, in view of the number of teeth involved, and the prolonged period of time that Mrs. Turner suffered pain and embarrassment, the sum of $25,000 is not excessive. The verdict here is not so disproportionate as to not be within reasonable bounds *(Riddle v Memorial Hosp.,* 43 AD2d 750). In ascertaining whether or not a verdict is excessive, consideration must be given to the nature and extent of the injury; whether or not there is any permanency; and the extent of pain, past, present and future. The amount of damages for personal injuries is a question of fact, and the court should interfere on the grounds of excessiveness only under exceptional circumstances *(Reich v Evans,* 7 AD2d 765). Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.