◼ DOUGLAS R. HUTCHINS et al., Appellants-Respondents, v CHANA GORLICKI et al., Respondents-Appellants. — Cross appeals from a judgment of the Supreme Court in favor of plaintiffs, entered August 7, 1981 in Franklin County, upon a verdict rendered at Trial Term (Harvey, J.). At around 5:00 P.M. on June 23, 1974, a clear dry day, Chana Gorlicki was operating an automobile owned by her husband in a generally westerly direction on New York State Route 37 in the Town of Westville. At a point where Route 37 is intersected by county Routes 122 and 19, the Gorlicki vehicle struck a motorcycle which had been proceeding in a northerly direction on county Route 19 and had proceeded through a stop sign and into the intersection. The motorcycle was owned by defendant Edward F. Curran and operated by defendant Rene Curran. Riding as a passenger on the motorcycle at the time was plaintiff Joseph Hutchins, age 16, the son of plaintiff Douglas Hutchins. As a result of the accident, Joseph Hutchins suffered a variety of injuries including fractures of the left radius and ulnar, and a fracture of the pelvis and right femur. In addition, crunching compound and comminuted fractures of the tibia and fibula of the right leg so disrupted the limb as to make vascular repair impossible and amputation just below the knee necessary. Thereafter, actions were commenced by Douglas Hutchins in his own behalf, as well as for his son, against the Gorlickis and the Currans. After a jury trial, verdicts in the sum of $70,000 for Joseph and $4,000 for Douglas were rendered against defendants with fault being apportioned at 5% chargeable to the Gorlickis and 95% to the Currans. Plaintiffs have appealed contending that the verdicts were inadequate, while defendants Gorlicki have appealed asserting that there was no evidence demonstrative of any fault or negligence on the part of Chana Gorlicki to this infant plaintiff. Before addressing the Gorlickis' contention, we note first that it is well-established law that in reviewing a judgment of the Supreme Court after a trial, this court may determine whether a particular factual question was correctly resolved by the trier of the facts (*Cohen v Hallmark Cards,* 45 NY2d 493, 496). Here, factual issues are presented as to whether Mrs. Gorlicki was guilty of any actionable negligence and as to the issue of the apportionment of liability (*Dole v Dow Chem. Co.,* 30 NY2d 143) so that it is within our power to hold that the jury's assessment of liability against the Gorlickis was against the weight of the evidence. Distilled down, the testimony of Chana Gorlicki was to the effect that she looked to her left and saw nothing coming and then, even though she thought "maybe meanwhile * * * that something would come from the road on my left", she focused her

attention on a car she claimed was proceeding southerly toward Route 37 on county highway 22 and continued to observe it right up until the accident occurred. The drivers of the cars immediately behind Mrs. Gorlicki testified that they saw the motorcycle approaching from their left and no witness, other than Mrs. Gorlicki, testified as to seeing any car on Route 22. In addition, Mrs. Gorlicki testified at one point that the motorcycle was stopped when the accident occurred. In view of this testimony and the other evidence in the record, it cannot be said, as urged by the Gorlickis, that there was no evidence which would warrant a finding of some negligence on the part of Chana Gorlicki as a matter of law. The jury may well have determined that Mrs. Gorlicki, in the exercise of reasonable care, could have and should have seen the motorcycle and taken some evasive action to avoid the collision. Clearly, the accident was a reasonably foreseeable consequence of Mrs. Gorlicki's failure to observe that which was there to be seen and the jury's finding of some negligence on the part of Mrs. Gorlicki must be sustained as it is amply supported by the record. As to the question of inadequacy of the verdict, it is to be remembered that the assignment of a dollar value to a plaintiff's damages is also essentially a question of fact for a jury to resolve (see *Tenczar v Milligan,* 47 AD2d 773, 774, mot for lv to app den 36 NY2d 645). Our discretionary power to overturn a clearly excessive or inadequate verdict and to order a new trial is to be exercised only where the verdict is so disproportionate to the injury and its consequences as to shock the conscience of the court (*James v Shanley,* 73 AD2d 752; *Welty v Brown,* 57 AD2d 1000). After reviewing the testimony and considering the various pertinent factors (see *Turner v Miller,* 61 AD2d 856, 857; *Riddle v Memorial Hosp.,* 43 AD2d 750), we find the award here to be precisely such a verdict. Consideration of these factors reveals that Joseph Hutchins was hospitalized on many occasions, sometimes for days, sometimes for weeks and sometimes for months. He was compelled to undergo several surgical procedures over a period of parts of three different years. The undisputed testimony demonstrates that these procedures were the source of severe pain and, as one of the doctors termed it, emotional as well as physical pain. He has suffered extreme pain and will suffer pain in the future, though, of course, not to the same degree. While he had adjusted well to the use of the prosthesis, that use is not without problems. His work as an engineer requires him to be on his feet a great deal of the time and requires extensive walking. This activity periodically agitates the leg stump so that its surface becomes raw and inflamed which necessitates removal of the prosthesis until such time as the surface heals. Joseph has a life expectancy of 54.1 years. When the obvious limitations and restrictions imposed by the loss of this limb are considered with the other demonstrated factors, we cannot escape the conclusion that the verdict was shockingly inadequate (cf. *Le Bel v Airlines Limousine Serv.,* 92 AD2d 996). Judgment reversed, on the law and the facts, with costs, and a new trial solely on the issue of damages ordered. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.