■ HENRY OLSZOWY, Respondent, v NORTON COMPANY et al., Appellants.—Weiss, J. Appeals (1) from a judgment of the Supreme Court (Doran, J.), entered September 22, 1988 in Albany County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered September 22, 1988 in Albany County, which, *inter alia,* denied defendants' motion to set aside the verdict.

Plaintiff was employed at defendant Norton Company from January 1959 until June 1, 1983 when he retired with a monthly benefit of approximately $533 pursuant to a newly negotiated special early retirement option. He was a member of the United Paperworkers International Union and its Troy Local No. 17 (hereinafter UPIU). On March 16, 1984, the Workers' Compensation Board classified plaintiff's 1973 work-related back injury as a permanent partial disability and awarded him weekly benefits of $50. Norton notified plaintiff that his pension benefit would be reduced by the workers' compensation monthly award of $216.66 to a monthly payment of $317, effective July 1, 1984, pursuant to a provision for an offset provided in the special early retirement program

reached in the last contract negotiations between Norton and UPIU. Plaintiff then commenced this action against Norton, the Retirement Income Program for Factory Hourly Paid Employees of the Coated Abrasive Division of Norton Company (hereinafter the Retirement Program) and the trustee of the Retirement Program.[1] Following trial, the jury rendered a verdict on a special verdict form requiring an answer to the following question: "At the time the plaintiff, Henry Olszowy, applied for retirement, was it the agreement between the union and the company that a retiree such as Mr. Olszowy would have his pension reduced by any Workmen's [sic] Compensation award that was subsequently granted to him?" The jury answered, "No." Supreme Court denied a motion to set the verdict aside as against the weight of evidence. Judgment was entered against the Retirement Program and its trustee (hereinafter collectively referred to as defendants) on the first cause of action for $13,167.16 representing 50 monthly payments of $216 each plus interest, together with costs and disbursements, and directing that future payment of the retirement benefits be made in full without reduction for the workers' compensation award, and for $7,146.25 representing counsel fees incurred in prosecuting the first cause of action. Defendants have appealed from the judgment and the subsequent order which, after reargument, denied defendants' motion to set the verdict aside.[2]

Defendants contend that the essentially undisputed testimony by officials of both Norton and UPIU as to the content of their agreement and the meaning of a memorandum relating thereto precludes a jury from ascribing a meaning different to their agreement. The contract negotiations were held on April 28 and April 29, 1983. Immediately after the April 29, 1983 bargaining session, Norton and UPIU signed a memorandum of the agreement reached. While a new formal contract was not prepared and signed until early 1985, there was no dispute between Norton and UPIU as to what had been agreed upon. The agreement reached on April 29, 1983 pro-

---

1. During the trial, Supreme Court dismissed the complaint against Norton, dismissed the second cause of action against all defendants, and dismissed the third cause of action against all defendants insofar as it alleged bad faith, reserving the question of whether to award counsel fees, and if so, to whom. Accordingly, only the first cause of action was submitted to the jury against the Retirement Program and the trustee.

2. Norton also moved for counsel fees, which Supreme Court denied. Although Norton appealed only from so much of the order as denied said fees, this argument has apparently been abandoned on appeal.

vided for a two-year contract commencing May 1, 1983. It also provided a two-month window, from May 1, 1983 to July 1, 1983, for a special early retirement. The issue here is the applicability of a provision for the offset of any workers' compensation benefits from the particular early retirement plan for which plaintiff was qualified, and under which he retired. Defendants contend both that the jury verdict is not supported by sufficient evidence or, alternatively, that the verdict is against the overwhelming weight of the evidence.

Great deference is given to a jury's interpretation of the evidence and findings of fact that have sufficient support in the credible evidence, even if there is evidence leading to a contrary conclusion *(Halvorsen v Ford Motor Co.,* 132 AD2d 57, 60). To set aside a jury verdict, the movant must demonstrate that the preponderance of the evidence is so greatly contrary to the verdict that a jury could not have rendered it by any fair interpretation of the evidence *(supra)*. It is the obligation of a jury to assess credibility when faced with conflicting testimony. Whether a jury verdict is against the weight of evidence is essentially a discretionary and factual determination to be made by the trial court and is to be distinguished from the question of whether a jury verdict, as a matter of law, is supported by sufficient evidence *(Nicastro v Park,* 113 AD2d 129, 132).

On the other hand, for a court to conclude, as a matter of law, that a jury verdict is not supported by sufficient evidence is a basic but harsh determination that a valid issue of fact does not exist *(Cohen v Hallmark Cards,* 45 NY2d 493, 499). Based upon the evidence at trial, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" *(supra,* at 499; *see, Nicastro v Park, supra,* at 132). Such a determination here would mandate dismissal of the action.

Applying these principles to this case, a search of the record reveals that plaintiff, a retiring employee, sought to establish the terms of a collective bargaining agreement by means of *his* interpretation of the April 29, 1983 memorandum of agreement signed by Norton and UPIU at the close of their bargaining session (which he concededly did not see until after the 1984 pension adjustment). Plaintiff supports his argument with *his* interpretation of certain bargaining notes and minutes made during the April 1983 negotiations. He also relies upon a lack of explanation of the workers' compensation setoff

provision when he made his decision to accept early retirement during the following month.

Plaintiff's interpretation is directly opposite to that of all the other witnesses, both from Norton and UPIU, who were the actual participants in the negotiations, who reached an agreement, and who drafted and signed the memorandum of what they had agreed to. It is also directly opposite to the final contract language subsequently drafted by Norton and UPIU based upon their oral agreement and supported by the memorandum of that agreement. There is no evidence to support plaintiff's line of reasoning that an ambiguity in the memorandum supports his position, other than the fact that the workers' compensation offset was not mentioned either in the literature notifying him of the retirement option or during his company retirement counseling. The function of the memorandum and related negotiating notes is merely to remind the negotiators of what was orally agreed upon during the interim period prior to the preparation and execution of the formal contract document. The memorandum is not a contract in and of itself. While plaintiff could not recall being informed that there was a setoff negotiated by his union, the unchallenged testimony of UPIU's secretary and vice-president, substantiated by notes made at the meeting with plaintiff which are part of official union records, show that he was so informed. Accordingly, only plaintiff's conjecture, speculation, and lack of memory support his erroneous interpretation of the memorandum of agreement. Therefore, the verdict must be set aside, as a matter of law, as unsupported by sufficient evidence.

Judgment and order reversed, on the law, without costs, and complaint dismissed. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.