■ JAMES W. GRAU, Respondent, v ELJAY REAL ESTATE CORP., N.V., Formerly ELJAY CORP., et al., Defendants, and CEDAR PARK CONCRETE CORP. et al., Appellants. (And Other Actions.)—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered July 18, 1989, which, *inter alia,* denied motions by defendants-appellants Cedar Park Concrete Corp. and Sal-Vio Construction Corp. for an order striking the complaint of plaintiff-respondent James W. Grau to the extent that he seeks punitive damages against them, unanimously affirmed, with costs.

Punitive damages are available in the case of an intentional tort of an extreme nature to " 'deter morally culpable conduct' " *(Minjak Co. v Randolph,* 140 AD2d 245, 249). The motion to strike punitive damages was properly denied as to defendant Sal-Vio, which allegedly allowed its workmen to enter onto plaintiff's premises and make personal use of it beyond any reasonable extent, and then to retaliate for the plaintiff calling the police by vandalizing the plaintiff's apartment and threatening him with bodily harm. The motion was also properly denied as to defendant Cedar Park, which is alleged to have repeatedly allowed concrete to fall on plaintiff's terrace and greenhouse.

On appeal, for the first time, both Cedar Park and Sal-Vio claim that they are entitled to complete summary judgment, dismissing the plaintiff's complaint entirely. No such motion was made in the IAS court, and we decline to reach the argument on appeal. Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.