■ MARION VAIL et al., Respondents, v GEORGE J. KEELER, SR., et al., Defendants, and JEREMY HRBEK et al., Appellants.— Weiss, J. Appeals (1) from a judgment of the Supreme Court (Lynch, J.), entered February 1, 1989 in Schenectady County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered April 7, 1989 in Schenectady

County, which denied a motion by defendants Michael J. Hurt and M. Hurt Minority Supply to set aside the verdict.

At about 4:00 P.M. on August 31, 1983, defendant Jeremy Hrbek was driving a Chevrolet pickup truck owned by his wife easterly in the passing, or lane closest to the center median of State Route 5 in the Town of Colonie, Albany County. At the same time defendant Michael J. Hurt was driving a Toyota pickup truck owned by his company, defendant M. Hurt Minority Supply (hereinafter the company) easterly in the passing lane of Route 5 a short distance in front of the Hrbek truck. The road was wet from an earlier rainfall. At a point described as being approximately one mile, or one-half mile, west of the intersection of Wolf Road with Route 5, Hrbek ran into the rear of the Hurt truck allegedly causing Hurt to cross the median and collide with the side of a Plymouth automobile owned by plaintiff Robert Vail and being operated westerly on Route 5 by plaintiff Marion Vail (hereinafter plaintiff), causing personal injuries to plaintiff and property damage to the automobile. The jury awarded plaintiff a total of $184,000 apportioning liability at 75% against Hurt and 25% against Hrbek. Hurt and the company have appealed from both the judgment and the denial of their motion to set aside the verdict, and the Hrbeks have appealed from the judgment.[1]

Hurt and the company argue that there was no evidence that Hurt committed a negligent act, nor that any act or omission by him was a proximate cause of plaintiff's injury. They attribute the accident solely to Hrbek following too closely and being unable to timely stop his truck. Hrbek, on the other hand, argues that the verdict was amply supported by the evidence and should not be disturbed. He emphasizes that the damage to the front of his truck and to the rear of Hurt's truck was minimal and insufficient to cause the extensive damage to both plaintiff's vehicle and the front of his own truck. Plaintiff contends that there is no basis presented in this case, either in law or fact, upon which to overturn the jury's verdict.

It is well established that great deference should be given to a jury's interpretation of the evidence and factual findings that have sufficient support in the evidence, even if there may be evidence leading to a contrary conclusion *(Halvorsen v Ford Motor Co.,* 132 AD2d 57, 60). To set a jury verdict aside, the movant must demonstrate that the preponderance of the

---

1. Although the Hrbeks appealed from the judgment, they now urge this court to affirm the jury's verdict.

evidence is so greatly contrary to the verdict that the jury could not have rendered it by any fair interpretation of the evidence *(Olszowy v Norton Co.,* 159 AD2d 884). Whether a jury verdict is against the weight of the evidence is a discretionary and factual determination to be made by the trial court *(Nicastro v Park,* 113 AD2d 129, 132).

These principles in mind, our examination of the testimony and exhibits in evidence compels affirmance of the judgment and the denial of the motion to set aside the verdict. We note that defendant George J. Keeler, Sr., who witnessed the collision, testified that he believed Hurt was in the process of turning left in front of plaintiff's vehicle.[2] Sherri Shaffer, a passenger in plaintiff's car, testified similarly. Hurt testified that he intended to make a right turn onto another road, yet he was traveling in the left or most center lane. The photographs show slight damage to both the rear of Hurt's truck and the front of Hrbek's truck, yet the damage to the front of Hurt's truck is extensive while the damage to the side of plaintiff's car is maximum. These facts would enable the jury to conclude that Hurt struck plaintiff's car with much greater force than that with which he was struck from behind by Hrbek and to conclude that he was attempting to make a quick left hand turn before the first impact. Moreover, Hurt's testimony was at times equivocal and uncertain as to location and speeds, all of which could lead reasonable people to discredit his version and to find negligence on the part of both Hurt and Hrbek and apportion the degree chargeable to each. The jury was entitled to draw its own inferences and we find that it did so in accordance with the evidence it had before it *(see, Bochnak v Mackes,* 159 AD2d 882).* In sum, we find no reason to disturb the verdict.

Judgment and order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.

---

2. On cross-examination Keeler recanted this testimony.