■ Frank G. Esner, Respondent, v Jeff P. Janisziewski, Appellant.—Weiss, P. J. Appeals (1) from an order and judgment of the Supreme Court (Lomanto, J.), entered December 21, 1990 in Schenectady County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered December 21, 1990 in Schenectady County, which granted plaintiff's motion to set aside the verdict with respect to the amount of damages for future pain and suffering and granted a new trial on that issue unless defendant stipulated to an increased verdict.

At about 1:00 P.M. on Sunday, September 15, 1985, while plaintiff was traveling west on his motorcycle on State Street in the City of Schenectady, Schenectady County, he was struck by defendant's vehicle as it attempted to turn right into Furman Street from the westbound lanes on State Street. The time of the accident was in dispute because Furman Street is a one-way street on Sunday from 9:00 A.M. to 1:00 P.M. If the accident occurred before 1:00 P.M., defendant's turn into Furman Street would have been illegal. Plaintiff has alleged that defendant caused the accident by cutting in front of him when he changed lanes on State Street without warn-

ing to make an illegal turn into Furman Street. The jury apportioned liability 80% against defendant and awarded plaintiff $72,036.06. The verdict did not include damages for future pain and suffering. Plaintiff's posttrial motion to set the verdict aside with respect to future pain and suffering was granted and a new trial ordered on that issue unless the parties stipulated to an award of $40,000 for such damages, to be reduced by 20% for plaintiff's culpable conduct. Defendant has appealed.

Defendant contends that Supreme Court erred in refusing to permit cross-examination of plaintiff concerning an inconsistency between the bill of particulars and the amended bill of particulars with reference to the time the accident occurred. A bill of particulars can be considered to be a statement and an admission by a party, and when inconsistent with trial testimony it may be used to impeach that party (Hayes v Henault, 131 AD2d 930, 932-933). The amendment of a bill of particulars does not preclude its use for impeachment purposes nor diminish the importance of an earlier inconsistency (Gonzalez v Colella, 55 AD2d 534). Here, however, the trial evidence, when viewed in its entirety, shows the error to have been harmless because the potential for impeachment of plaintiff was not sufficiently significant to have influenced a different verdict (see, CPLR 2002; Bochnak v Maches, 159 AD2d 882, 883, lv denied 76 NY2d 706; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2002.02).

Defendant next contends that Supreme Court improperly set aside that portion of the verdict which failed to award damages for future pain and suffering. The accident caused plaintiff to suffer injuries to the left leg consisting of a comminuted fracture of the proximal fibula, a spiral fracture of the tibia and a fracture of the posterior malleolus of the left tibia. The fractures which did not involve the left knee healed well and were last treated on April 18, 1986.

Plaintiff did, however, visit his orthopedist on May 18, 1988 for complaints concerning aching and discomfort in his left knee during cold, damp weather. In July 1988, plaintiff had an arthroscopic procedure similar to one that was performed in 1982 on the same knee for treatment of an earlier injury. At this time, the physician detected no new irregularity in the left knee. During trial, plaintiff attempted to establish that his knee problem was an aggravation of the preexisting injury. On cross-examination, however, the doctor acknowledged that the aggravation of the old knee injury could have been caused by kneeling, bending, climbing, heavy lifting and carrying,

which were required in plaintiff's occupation as a roofer. It is only the left knee which poses the possibility of a future medical problem. Subsequent to plaintiff's discharge following the 1988 procedure on his knee, neither his leg nor his knee required any additional treatment or examination until the time of trial in October 1990.

Supreme Court found that the jury had implicitly rejected any claim of aggravation by its disallowance of medical expenses incurred in 1988 with respect to the left knee. In granting plaintiff's motion to set the verdict aside as to future pain and suffering, however, the court stated that the verdict shocked the conscience of the court by failing to award future damages for the three fractures. We disagree. Plaintiff's orthopedist testified that plaintiff's fractures were fully and well healed without complications at the time of his examinations in 1986 and 1988. During the examination of his knee in 1988, plaintiff's sole complaint to the doctor concerning the leg was that, in addition to the knee, the leg also ached occasionally during cold, damp weather. The physician testified that the aching that plaintiff described in his leg is common whenever a bone is broken. This incidental complaint about the leg made during the knee examination in 1988 was the sole instance in which plaintiff mentioned his leg injuries after his visit to his orthopedist on April 18, 1986. We note that the testimony of the doctor and plaintiff were similar in that both distinguish the leg injury from the condition of the knee.

Great deference must be accorded the interpretation of the evidence by the jury if there is present credible evidence sufficient to support that interpretation, even if other evidence can be found in the record which would support a contrary conclusion (see, Olszowy v Norton Co., 159 AD2d 884, 886, lv denied 76 NY2d 704; see also, Vail v Keeler, 166 AD2d 817, 818). To set a jury verdict aside, the preponderance of the evidence must be so greatly contrary to the verdict that a jury could not have rendered it by any fair interpretation of the evidence (Halvorsen v Ford Motor Co., 132 AD2d 57, 60, lv denied 71 NY2d 805). A verdict on damages can be set aside as clearly excessive or inadequate only when "the verdict is so disproportionate to the injury and its consequences as to shock the conscience of the court" (Hutchins v Gorlicki, 92 AD2d 1000, 1001, lv denied 61 NY2d 608, appeal dismissed 61 NY2d 757; see, Mormon v Serkanic, 25 AD2d 526). Here, the jury's rejection of a claimed aggravation of plaintiff's previous knee injury is fully supported by the testimony of his own orthopedist elicited during his cross-examination. By rejecting the knee

as a basis for future pain and suffering, plaintiff's claim was limited to damages for occasional aching during cold, damp weather of otherwise completely healed leg fractures which were not expected to require future medical care. The lack of an award for future damages for plaintiff's unparticularized occasional aches during cold, damp weather should not have shocked the conscience of Supreme Court as inadequate. Accordingly, we find that the court erred in exercising its judgment to set aside the judgment with respect to the lack of an award for future pain and suffering.

Levine, Mercure and Mahoney, JJ., concur. Ordered that the order and judgment upon the verdict is affirmed, without costs. Ordered that the order granting plaintiff's motion to set aside a portion of the verdict is reversed, on the law, without costs, and motion denied.