■ MARYANN WERRONEN, Respondent, v RONALD J. TAYLOR, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Brown, J.), entered April 23, 1991 in Saratoga County, upon a verdict rendered in favor of plaintiff.

The subject of this action is a thoroughbred horse named Daisy's Dream. Plaintiff contends that she is the sole owner of Daisy's Dream; defendant claims a 50% ownership interest in the horse. After a trial of the ownership issue, a jury found for plaintiff. Defendant appeals from the resulting judgment.

Defendant, a licensed trainer, purchased a two-year-old filly in April 1990 at the Ocala Breeders' Sales in Florida. The purchase price was $5,500. Several days later, after defendant had returned to his training location in the City of Saratoga Springs, Saratoga County, he showed the horse to plaintiff, who had previously expressed an interest in owning a thoroughbred race horse. Pursuant to an oral agreement, plaintiff gave defendant a check for $5,500. It is undisputed that defendant was to train the horse and receive 50% of any purses won by the horse, plus 50% of the net profit from the sale of the horse, and plaintiff would pay defendant one half of his usual day rate for training the horse. Plaintiff named the horse Daisy's Dream and obtained the necessary insurance and license.

Concerned that she had not received the horse's foal registration certificate, plaintiff called the Ocala Breeders' Sales Company (hereinafter Ocala) in July 1990 and was informed that the horse had not yet been paid for. Plaintiff thereupon wired the sum of $5,500 plus $165 interest to Ocala, and a foal registration certificate was issued in her name. At about the same time, defendant sent a check for the purchase price to Ocala. When he learned that the foal registration certificate had been issued to plaintiff, defendant moved Daisy's Dream to another location and refused to tell plaintiff where the horse was located. Plaintiff thereafter commenced this action seeking, *inter alia,* possession of the horse.

Defendant contends that Supreme Court erred in refusing to include in its charge to the jury the provisions of Partnership Law § 10 (1), which defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit". The question of whether the parties formed a partner-

ship within the meaning of Partnership Law § 10 (1) is not, in our view, relevant to the ownership of Daisy's Dream, which was the only issue raised at trial. The term "co-owners" in Partnership Law § 10 (1) refers to the business, not to the assets used in that business. "The capital may vest and remain in one or more of the partners who have furnished it" *(Matter of Rosenberg,* 251 NY 115, 124). Regardless of whether the parties' relationship constituted a partnership within the meaning of Partnership Law § 10 (1), the dispositive issue is whether plaintiff acquired sole ownership of Daisy's Dream upon her payment of $5,500 to defendant or only a 50% interest in the horse, an issue which depends entirely upon the parties' intent at the time of the transaction. Accordingly, we see no error in Supreme Court's refusal to charge Partnership Law § 10 (1).

We also reject defendant's claim that Supreme Court erred in refusing to set aside the verdict as against the weight of the evidence. Plaintiff's testimony, together with the fact that plaintiff paid defendant the exact amount he had paid for the horse only a few days earlier and the absence of any indication of co-ownership in the documents showing plaintiff as the owner of the horse, clearly support the jury's verdict. Defendant's testimony and other evidence that plaintiff had only a 50% ownership interest in the horse created a question of fact for the jury to resolve, based in part upon its assessment of the witnesses' credibility. In these circumstances, there is no basis to disturb the jury's interpretation of the evidence and findings of fact *(compare, Fieldy v Weimer,* 169 AD2d 961, *with Halvorsen v Ford Motor Co.,* 132 AD2d 57, *lv denied* 71 NY2d 805, *and Olszowy v Norton Co.,* 159 AD2d 884, *lv denied* 76 NY2d 704).

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.