■ STEVEN E. WEBER, JR., Appellant, v WILLIAM & JAMES DRUGS, INC., et al., Respondents. [605 NYS2d 375] —In a negligence action to recover damages for personal injuries, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Queens County (Zelman, J.), dated February 27, 1991, which, upon a jury verdict, is in favor of the plaintiff and against the defendants in the principal sum of $4,500.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was five years old when the defendant Richard L'Esperance, Jr., rode his bicycle over his ankle and fractured his leg. The plaintiff wore a cast for one month after the accident. After it was removed, he did not limp nor complain about any problems from the accident.

At the trial, the defendants admitted their fault in the happening of the accident, and the only issue to be determined was damages for pain and suffering. Dr. Leon Sultan, the plaintiff's expert witness, testified that as a result of the fracture, there was a difference of 3/8 of an inch between the size of the plaintiff's legs. Although Dr. Sultan initially testified that the plaintiff's injury was permanent, on cross-examination, he admitted that there were no current symptoms of injury, he did not know whether any future treatment would be necessary, he did not know whether the child would ever exhibit symptoms of injury, and that permanency of the injury could only be determined after the boy reached puberty. "An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion" *(Nyon Sook Lee v*

*Shields,* 188 AD2d 637, 639). In light of that testimony, the trial court did not err in refusing to submit the issue of whether the plaintiff's injury was permanent to the jury.

The plaintiff suffered a nondisplaced or incomplete fracture of the tibia (commonly referred to as a greenstick fracture), was in a cast for one month, resumed sports activities within days of its removal, did not limp or complain of pain, and demonstrated no signs of permanent injury. Based upon those facts, the award of $4,500 for pain and suffering was reasonable compensation.

We have considered the defendants' remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Lawrence and O'Brien, JJ., concur.