**Colette SIMONE, Plaintiff,**

v.

**Louise B. CRANS, Jamie Goldblatt and Melbs Murzin, Defendants.**

**No. 92 CV 4340 (BDP).**

United States District Court, S.D. New York.

Nov. 22, 1994.

Ken Goldblatt, Goldstein & Goldblatt, New York City, for plaintiff.

Carol Wickham, Colligan & Delgross, for defendant Louise A. Crans.

Mark Levi, New York City, for Jamie Goldblatt & Melba Murzin.

**OPINION AND ORDER**

PARKER, District Judge.

Plaintiff's motion pursuant to Rule 59 (Fed.R.Civ.P.) to set aside the jury's verdict with respect to damages is before this Court. The case was tried November 8, 1994 to November 14, 1994. The jury found in plaintiff's favor against defendant Crans. Plaintiff moves to set aside the award as inadequate.

■ The amount of damages to be awarded is primarily a question of fact (see *Duffy v. City of New York,* 178 A.D.2d 370, 577 N.Y.S.2d 820 (1st Dept.1991)). Great deference must be accorded the interpretation of the evidence by the jury if there is present credible evidence sufficient to support that interpretation, even if other evidence can be found in the record which would support a contrary conclusion (see *Olszowy v. Norton Co.,* 159 A.D.2d 884, 886, 553 N.Y.S.2d 224 (3d Dept.1990); see also *Vail v. Keeler,* 166 A.D.2d 817, 818, 562

N.Y.S.2d 818 (3d Dept.1990)). To set a jury verdict aside, the preponderance of the evidence must be so greatly contrary to the verdict that a jury could not have rendered it by any fair interpretation of the evidence (see *Halvorsen v. Ford Motor Co.*, 132 A.D.2d 57, 60, 522 N.Y.S.2d 272 (3d Dept. 1987)). A verdict on damages can be set aside as clearly excessive or inadequate only when "the verdict is so disproportionate to the injury and its consequences as to shock the conscience of the court" (see *Hutchins v. Gorlicki*, 92 A.D.2d 1000, 1001, 461 N.Y.S.2d 476 (3d Dept.1983); *Mormon v. Serkanic*, 25 A.D.2d 526, 267 N.Y.S.2d 661 (2d Dept. 1966)).

The plaintiff suffered a non-displaced wrist fracture, fractures of four ribs, one of which was displaced, a fracture of the sternum, loosened teeth and a lacerated spleen, from which she made an excellent recovery. The plaintiff was discharged from the hospital within a week and spent three to four weeks recuperating at home, before returning to school, carrying a full course load and performing well academically, vocationally and socially thereafter. The jury was entitled to reach its own conclusions and to draw its own inferences concerning the nature and extent of plaintiff's injuries and we find that its determination was well within the boundaries of reasonable discretion. In view of all the testimony at trial, the Court finds that there was sufficient credible evidence to support the jury's verdict of $20,000 for past pain and suffering only. The award does not shock its conscience (cf. *Weber v. William & James Drugs, Inc.*, 199 A.D.2d 381, 605 N.Y.S.2d 375 (2d Dept.1993)). The motion is denied.

SO ORDERED.