**John O'NEILL, Plaintiff,**

v.

**YIELD HOUSE INC. and Standex International Corporation, Defendants.**

**No. 91 CV 2051.**

United States District Court, S.D. New York.

Jan. 19, 1995.

Henry R. Simon, White Plains, NY, for plaintiff.

J. Peter Collins, O'Connor, McGuiness, Conte, Doyle, Oleson & Collins, White Plains, NY, for defendant and third party plaintiff Yield House Inc.

Peter J. Veridame, Chesney, Murphy & Moran, Westbury, NY, for Standex Int'l Corp.

## MEMORANDUM OPINION
## AND ORDER

PARKER, District Judge.

This products liability action was tried before a jury between November 10 and November 22, 1994. The action is now before the court upon plaintiff's motion for a new trial pursuant to Fed.R.Civ.P. 59 on the issue of compensatory damages and upon defendant's cross motion pursuant to Fed.R.Civ.P. 50(b) for judgment as a matter of law on plaintiff's punitive damages claim. For the reasons set forth below, both motions are denied.

## I. FACTS

Plaintiff John O'Neill, who is 68 years old, suffered a fracture of the tibial plateau on May 19, 1990 when a stepstool collapsed under him. Plaintiff, who weighed approximately 325 pounds at the time of his accident, had purchased the stepstool through the catalogue of defendant, Yield House, which represented that its product was "ruggedly built" and "solidly made." As a result of his accident, plaintiff had to be hospitalized for several months and has since been confined to a wheelchair.

At the trial of this action, the jury returned a verdict for plaintiff in which it awarded him $75,000 for past pain and suffering, $65,000 for past medical expenses, $50,000 for future pain and suffering and $65,000 for future medical expenses. The jury also awarded plaintiff $250,000 in punitive damages.

## II. DISCUSSION

### A. Compensatory Damages

■ Plaintiff argues that his award does not adequately compensate him for his injuries. He argues that evidence of his confinement in the hospital for months after the accident, his months of physical rehabilitation, his present reliance on a wheelchair and his future intention to have a knee replacement were not adequately addressed in the jury award.

■ The amount of damages to be awarded is primarily a question of fact (see Duffy v. City of New York, 178 A.D.2d 370, 577 N.Y.S.2d 820 (1st Dept.1991)). Great deference must be accorded the interpretation of the evidence by the jury if there is present sufficient and credible evidence to support that interpretation, even if other evidence can be found in the record which would support the opposite conclusion. See Olszowy v. Norton Co, 159 A.D.2d 884, 886, 553 N.Y.S.2d 224 (3d Dept.1990); see also Vail v. Keeler, 166 A.D.2d 817, 818, 562 N.Y.S.2d 818 (3d Dept.1990).

While it was contested, a jury could have found that plaintiff's claimed damages may have been due in some part to his own disposition. There was testimony, some of which came from plaintiff himself, that plaintiff had some motivational problems. Nurses' notes adverted to plaintiff's failure to go to his physical therapy, and defendant's expert said there was no physiological reason for his confinement to a wheelchair. Thus, while there was conflicting testimony, and various inferences could be drawn, a jury could have inferred that plaintiff's lack of progress was due in some part to his own temperament rather than the liability of the defendant.

### B. Punitive Damages

■ Under New York law, punitive damages are recoverable in actions based on tortious conduct that involves malice, oppression, wanton or reckless disregard of the plaintiff's rights or other circumstances of aggravation (see Grau v. Eljay Real Estate Corp., 162 A.D.2d 320, 556 N.Y.S.2d 898, 899 (1990)). Further, punitive damages are not restricted to intentional injury and can be awarded where negligence is shown to be gross or wanton. Home Insurance v. American Home Products, 75 N.Y.2d 196, 551 N.Y.S.2d 481, 550 N.E.2d 930 (Ct.App.1990). Finally punitive damages are appropriate in products liability cases where acts of defendant causing the injury were wanton or reckless. Racich v. Celotex, 887 F.2d 393, 396 (2d Cir.1989).

■ Like compensatory damage awards, an award of punitive damages should be set aside when it shocks the judicial conscience Reynolds v. Pegler, 123 F.Supp. 36 (S.D.N.Y. 1954) aff'd, 223 F.2d 429 (2d Cir.1955), cert. denied, 350 U.S. 846, 76 S.Ct. 80, 100 L.Ed. 754 (1955), and it is not reasonably calibrated to a defendant's financial circumstances. See Smith v. Lightning Bolt Productions, Inc., 861 F.2d 363, 373 (2d Cir.1988).

■ Whether defendant's behavior constituted wanton and reckless behavior is a close question. Nevertheless, it was within the jury's ambit to award punitive damages. Certainly, given the record, the punitive damage award does not shock our conscience. Evidence at trial indicated that for several months, defendant represented its product as "ruggedly built" and "solidly

made" when, in fact, according to Jan Brown, defendant's director of purchasing, defendant took no meaningful steps of any kind—even preliminary ones—to ensure the safety of its product. The testimony at trial, which a jury could credit, was that Yield House never tested or evaluated the stepstool to ascertain its weight bearing potential before placing it in the stream of commerce. The jury may have found defendant's representations to be further reprehensible in light of the uncontroverted testimony of plaintiff's expert that the stepstool was of shoddy design and construction, was made with inferior wood and the wrong screws, and that all of those defects could have been easily corrected. Moreover, the designer hired by defendant to create the stepstool testified that woodworking from his garage was his hobby, and that he was not experienced in the field of commercial woodworking or carpentry.

We cannot say that the jury's award is unreasonable in light of the cumulative impact of defendant's conduct, or lack thereof. In our instructions to the jury, we explained that punitive damages are intended to punish wanton or reckless conduct and to deter others from engaging in similar action in the future. *Racich,* supra, 887 F.2d at 396. While we cannot read the collective mind of the jury, it may have intended to send a message to defendant, and mail order companies in general, of their responsibility to consumers who do not have the opportunity to peruse an object or ask questions about its safety.

Further, because defendant presented no evidence in connection with its financial circumstances, we will not overturn the award on the grounds of financial hardship to defendant.[1] See *Vasbinder v. Scott,* 976 F.2d 118, 121 (2d Cir.1992); see also *Smith,* supra, 861 F.2d at 373 ("it is the defendant's burden to show that his financial circumstances warrant a limitation of the award").

---

1. At the charging conference, defendant argued to the Court that the bankruptcy of Yield House precluded the punitive damages charge. While the record remains unclear as to whether the award is collectible, the Court determined that the charge was appropriate because the evidence

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for a new trial and defendant's motion for a dismissal of the punitive damages claim are both denied.

otherwise supported it and because of its underlying purpose of general, as well as specific, deterrence. See *Home Insurance,* 75 N.Y.2d at 203, 551 N.Y.S.2d 481, 550 N.E.2d 930; see also *Racich,* supra, 887 F.2d at 396.