■ Two Stables, Inc., Doing Business as The Antlers, Respondent, v Bernard Cornelius, Doing Business as Cornelius Septic Tank Service, Appellant.—Weiss, J. Appeal from a judgment of the Supreme Court (Bryant, J.), entered October 2, 1987 in Tompkins County, upon a verdict rendered in favor of plaintiff.

The complaint seeks recovery of $4,993.50 as damages for defendant's breach of a written contract to install a new septic system for plaintiff's restaurant and in a second cause of action for defendant's negligence in his performance of the contract. Following trial, the jury returned a verdict in plaintiff's favor and defendant has appealed from the judgment entered thereon.

Defendant bid upon and was awarded a contract to install the system in accordance with plans and specifications prepared by plaintiff's engineer, Timothy Buhl, and cover it with topsoil. Buhl specified that the existing septic tank should be modified by installing an inverted tee in the old septic tank to function as a grease trap. The plans included a new septic tank, distribution box and sand filter. The specifications called for the sand in the filter to have a uniformity coefficient no greater than 4 and the effective grain size to be between .25

millimeters and .60 millimeters.* The plans and specifications were submitted to and approved by the Tompkins County Health Department, which slightly modified the specifications for the sand filter to a coefficient of 6 instead of 4, and authorized the use of an inverted tee instead of baffles in the septic tank.

The system failed completely within 18 months. Inspection disclosed that the old septic tank did not have the inverted tee as shown in the plans, that the sand had a uniformity coefficient of 7.8 rather than the specified 4, and that the effective grain size was .255, which just met the lowest end in the specifications of .25 to .60 millimeters. Defendant made these changes unilaterally without consultation or consent of either Buhl or Toby McDonald, plaintiff's president. Upon trial, the negligence cause of action was dismissed and the jury found in favor of plaintiff; judgment for $4,993.50 was entered. This appeal ensued.

Defendant first contends that remarks made by Supreme Court in the presence of the jury during cross-examination of his expert witness, Ivan Burris, constitutes error. Defendant sought to prove that the system as designed would not work properly. Supreme Court urged plaintiff's attorney to expedite cross-examination, characterizing the testimony as unresponsive and an unnecessary lecture. Upon defendant's redirect examination, the court questioned the relevancy of the testimony. Burris described conditions and procedures in the City of Ithaca and at Cornell University; he was the plumbing inspector in Ithaca. However, the contract here provided for a septic system, not the connection to a public sewer system. Questions of materiality, competency and relevance are to be determined by a trial court which has the responsibility to expedite the business of the court *(People v Mendes,* 3 NY2d 120, 121; *Soto v Correa,* 20 AD2d 694). We find that the motions for a mistrial were properly denied, that the remarks from the Bench did not deprive defendant of a fair trial, and that Supreme Court appropriately and adequately informed the jury that its remarks were not evidence. The jury was instructed to consider only evidence and testimony of witnesses, not anything the attorneys or the court may have said *(see, People v Moulton,* 43 NY2d 944, 946).

---

* The uniformity coefficient is a measure of the relative size of the particles of sand. A uniformity coefficient of 4 is a relatively low coefficient and would permit the water or liquid in the filter to pass easily through the spaces between the particles of sand and not plug up the filter.

The size is a measure of the relative average size of the sand particles.

Nor was there error in permitting McDonald to testify that the system worked properly after repairs were made. Evidence of subsequent repairs or alterations may not be admitted as proof of an admission of negligence (Richardson, Evidence § 4, at 2-3 [Prince 10th ed]; *see, Barry v Manglass,* 55 AD2d 1, *affd* 55 NY2d 803). However, this is a contract action and any admissions of subsequent repairs are relevant (Richardson, Evidence § 168, at 137 [Prince 10th ed]).

Defendant's final argument directed to Supreme Court's jury charge is without substance. The judgment should be affirmed.

Judgment affirmed, with costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.