■ CAROL ANN E. WEIDEMANN, Appellant, v KNIGHTS OF COLUMBUS, ST. MARGARET MARY'S COUNCIL NO. 6758, et al., Respondents. [606 NYS2d 342] —Cardona, J. Appeal from an order and judgment of the Supreme Court (Conway, J.), entered May 21, 1992 in Albany County, upon a verdict rendered in favor of defendants.

On November 15, 1987 plaintiff, a volunteer bingo caller, fell during a bingo game at the Knights of Columbus (hereinafter Knight's) hall in the City of Albany. Plaintiff commenced this action alleging various acts of negligence on the part of defendants resulting in personal injuries. The jury returned verdicts in favor of both defendants.

Initially, plaintiff contends that the verdicts are against the weight of the evidence. Deference must be given to a jury's verdict and it will not be set aside unless, by a preponderance of the evidence, the jury could not have rendered it by any fair interpretation of the evidence (see, Esner v Janisziewski, 180 AD2d 991, 993). Plaintiff testified that she did not know what she tripped over. There was conflicting testimony concerning the availability of coatrooms and space between the aisles. Plaintiff testified that unlike previous occasions, she failed to tell the players to hang up their coats. She admitted that many players did not use the coatrooms and that she saw coats resting on chairs and saw chairs pulled out in the aisles. There was additional testimony indicating that there were no previous player complaints concerning difficulty moving through the aisles. Based upon this record, we cannot say that the verdicts were "utterly irrational" and therefore they will not be set aside (see, Cohen v Hallmark Cards, 45 NY2d 493, 499).

Plaintiff further argues that Supreme Court erroneously excluded evidence involving prior accidents at the Knight's hall and postaccident modification of the coatrooms at the Knight's hall. Plaintiff also claims that the court erred in admitting into evidence a photograph of the Knight's hall which did not depict players or aisle clutter. Addressing the last ruling first, we find that plaintiff failed to make a timely

objection to the admission of the subject photograph and therefore has failed to preserve this issue for appellate review *(see, Horton v Smith,* 51 NY2d 798, 799; *Seneca Dress Co. v Bea-Jay Mfg. Corp.,* 156 AD2d 894, 895).

Turning to the issue of Supreme Court's exclusion of testimony of prior accidents at the Knight's hall, we note that as a prerequisite to admissibility, plaintiff must demonstrate that the prior incidents were similar to hers *(see, Facci v General Elec. Co.,* 192 AD2d 991, 993). Here, plaintiff's offer of proof revealed that the prior accidents did not involve coats draped over chairs, the circumstance plaintiff attempted to prove at trial. Given Supreme Court's broad discretion to determine the materiality and relevance of the prior incidents *(see, Hyde v County of Rensselaer,* 51 NY2d 927, 929), we cannot say that this discretion was abused. As for plaintiff's third contention, Supreme Court did not improvidently exercise its discretion by excluding plaintiff's evidence concerning postaccident modification of the coatrooms at the Knight's hall, as such evidence may not be admitted as proof of an admission of negligence *(see, Two Stables v Cornelius,* 145 AD2d 685, 687).

Plaintiff also contends that Supreme Court made inappropriate comments and created the impression that this was not a serious case, which plaintiff alleges contributed to the verdicts. Our review of the record does not support this contention. The subject comments were few in number and constituted nothing more than momentary diversions which did not interfere with the presentation of evidence. Furthermore, the comments did not reflect any bias or partiality on the part of the court and did not interfere with plaintiff's case *(see, Festa v Gilston,* 183 AD2d 525, 527; *Pallotta v West Bend Co.,* 166 AD2d 637, 639).

Weiss, P. J., White, Mahoney and Casey, JJ., concur. Ordered that the order and judgment is affirmed, without costs.