■ Andrew Bostic, Appellant, v State of New York, Respondent. [649 NYS2d 200] —Spain, J. Appeal from a judgment of the Court of Claims (Bell, J.), entered March 27, 1995, upon a decision of the court in favor of the State.

On June 22, 1989 claimant, an inmate at Clinton Correctional Facility (hereinafter Clinton) in Clinton County, sustained severe personal injuries when he was assaulted by inmate Leroy Bowden during an inmate recreational period in the North Yard (hereinafter the yard) at Clinton. Bowden approached claimant from behind and stabbed him in the left eye with a metal rod or "shiv"; as a result of the assault claimant lost vision in his left eye. Bowden was previously unknown to claimant, the attack was apparently unprovoked, and neither

claimant nor prison officials had prior notice or warning of Bowden's attack.

Claimant thereafter commenced this action alleging, *inter alia*, that the State was negligent in failing to (1) adequately search inmates prior to coming into the yard, (2) have correction officers at post 23 at the time of the assault, (3) use metal detectors to prevent weapons from being brought into the yard, (4) have plans, policies, procedures or guidelines in place to protect him or other inmates from similar attacks, and (5) deny Bowden access to the yard despite his criminal history. At trial claimant elicited testimony from Michael McKinnon, a correction officer who was on duty in the yard on the date in question, David Howard, an inmate who witnessed the assault, and Darwin LaClair, a captain at Clinton, who did not witness the assault. The State called no witnesses but did engage in recross-examination of McKinnon. At the conclusion of trial, the State moved to dismiss the claim. The Court of Claims granted the State's motion and dismissed the claim upon its finding that, upon the evidence presented, the State was not negligent. Claimant appeals.

Claimant contends that the Court of Claims erred in three evidentiary rulings and, based on the errors, he is entitled to a new trial. Specifically, claimant contends that the Court of Claims erred and/or abused its discretion (1) in allowing the State to introduce into evidence exhibit A, a staff planning grid, as a business record (*see*, CPLR 4518) which the court later relied upon to determine the staffing levels assigned to the yard at the time of the assault, (2) in excluding from evidence entries from the unusual incident log book maintained at Clinton which listed information regarding assaults which had occurred between inmates in the yard for a three-year period preceding the instant assault, and (3) in refusing to allow claimant to read into evidence the "responses to interrogatories" by Daniel Senkowski, the Superintendent of Clinton, which had been prepared in a Federal case involving the same incident and same parties.

We affirm. In our view McKinnon's testimony that the staff planning grid was a document prepared in the regular course of business at the Department of Correctional Services (hereinafter DCS), that it was prepared at or about the time of the tours of duty which were recorded on the document, that the staffing grid was maintained in the regular course of business at DCS and that he was familiar with the document in the regular course of his business, as it was necessary for him and other officers to "broach the chart sergeant who has that docu-

ment in front of him and inform him of our job number" for the day in question, served to lay a proper foundation for introduction of the staff planning grid (*see*, CPLR 4518 [a]; *see also, People v Cratsley*, 86 NY2d 81, 89; *People v Kennedy*, 68 NY2d 569, 579-580; *Sabatino v Turf House*, 76 AD2d 945).

Next, we reject claimant's contention that the unusual incident log book should have been automatically admissible under CPLR 4518 (c) based upon the State's concession that all of the conditions required in CPLR 4518 (a) for the admission of the records under the business record exception to the hearsay rule were met. Even assuming that the exhibit was admissible under CPLR 4518, it is well settled that "[t]he business records exception to the hearsay rule * * * does not overcome any other exclusionary rule which might properly be invoked" (*People v Tortorice*, 142 AD2d 916, 918 [citation omitted]; *see, Toll v State of New York*, 32 AD2d 47, 50), such as the requirement that the evidence sought to be introduced be relevant and material to the issue at hand. Here, claimant has failed to establish that the prior incidents were the same or similar to the one in issue (*see, Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 336; *Weidemann v Knights of Columbus*, 199 AD2d 838, 839). Although the entries in the log listed incidents of assaults occurring in the yard at Clinton between inmates, some of which involved weapons, there was nothing else to demonstrate how the assaults between other inmates were similar to the assault on claimant, in what manner the prior assaults would have made the assault against claimant foreseeable, or in what way the State would have been on notice that a metal rod or shiv would escape its detection and would be used on other inmates in the yard.

We further conclude that the Court of Claims did not abuse its discretion in denying claimant's request for a subpoena duces tecum. In order for a court to issue a subpoena duces tecum, the party seeking the subpoena must make a preliminary showing that the record requested actually contains the information that he or she seeks to obtain. A mere showing that the record may potentially uncover relevant evidence is insufficient (*see, Matter of Constantine v Leto*, 157 AD2d 376, 378, *affd* 77 NY2d 975); rather, it is necessary for the proponent to offer "some factual predicate" as to the likelihood that the record sought will contain the information that he or she seeks (*People v Gissendanner*, 48 NY2d 543, 550). A subpoena duces tecum may not be used as part of a fishing expedition or to ascertain the existence of evidence (*see, Matter of Decrosta v State Police Lab.*, 182 AD2d 930, 931). Here, the record sup-

ports the Court of Claims' determination that claimant did not make the necessary preliminary showing.

Finally, we also find unpersuasive claimant's contentions that the interrogatories could have been used "for any purpose" because Senkowski was, at the time of the interrogatories, an officer, director, member or managing or authorized agent of Clinton (CPLR 3117 [a] [2]) and that the interrogatory answers should have been allowed because Senkowski was an unavailable witness. The record does not contain any evidence that Senkowski was, indeed, unavailable, nor does it explain in any detail what "good faith" efforts were made to have him appear. Further, assuming that Senkowski's responses to interrogatories were admissible under CPLR 3117 (a) (2) and were improperly excluded by the Court of Claims, the record is devoid of any evidence that such error "would have had a substantial influence in bringing about a different * * * finding" (*Dizak v State of New York*, 124 AD2d 329, 331; *see*, CPLR 2002). In fact, a review of the record discloses that the interrogatory answers do not add any new evidence or contradict any evidence at trial.

Mercure, J. P., White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.