■ ALFRED E. DA COSTAFARO, JR., et al., Respondents, v RAYMOND DE VITO, Appellant. [733 NYS2d 817] —Lahtinen, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), entered September 29, 2000, upon a verdict rendered in favor of plaintiffs.

Plaintiffs commenced this action against Peter De Vito* in the County Court of Delaware County pursuant to RPAPL article 15 to compel the determination of a claim to real property located in the Town of Davenport, Delaware County, which they acquired by deed from E. Donald Sellevold and Patricia Sellevold in March 1993. The complaint also contained allegations sounding in ejectment and trespass. De Vito, who acquired the adjoining property by deed from Antonio Caprario in December 1974, answered and counterclaimed for similar relief under RPAPL article 15.

After jury selection, defendant moved to dismiss plaintiffs'

---

* De Vito subsequently died intestate and his son, Raymond De Vito, was substituted as defendant.

complaint claiming that County Court did not have subject matter jurisdiction. County Court determined that the paragraphs of plaintiffs' complaint sounding in ejectment and trespass should be "stricken," but proceeded with the trial of the parties' respective RPAPL article 15 claims. After both parties rested, the only remaining issue for the jury's determination was identified by County Court in its charge to the jury as follows: "[T]he parties have stipulated and agreed that the plaintiffs are the deed owners of the property outlined in pink on the plaintiff[s'] survey map, which was introduced in evidence as Exhibit 2, and that the map accurately describes and depicts the property conveyed by the deed to the plaintiffs. The parties have also stipulated and agreed that the defendant is the deed owner and Peter DeVito was previously the deed owner of the 4.17 acre parcel of property which is shown without the cross-hatching on the defendant's survey map, which was introduced into evidence as Exhibit B * * * "It is the 1.93 acre parcel cross-hatched on Exhibit B which I will refer to as the disputed property to which the defendant claims ownership by adverse possession." The jury found against defendant and County Court entered a judgment declaring plaintiffs to be the owners of the disputed parcel and barring defendant from any claim to the property. Defendant now appeals.

We reject defendant's claim that the jury verdict was against the weight of the evidence. To set aside a verdict in favor of a plaintiff "as contrary to the weight of the evidence, we would have to find that the evidence so preponderates in favor of defendant as to preclude such a finding upon any fair interpretation of the evidence" (*Fotiu v Ewing*, 90 AD2d 602, 602 [emphasis omitted]; *see, Weidemann v Knights of Columbus*, 199 AD2d 838, 838) and do not so find here.

Defendant supported his adverse possession claim by testimony that De Vito erected a metal shed on the disputed parcel, cut the grass around the shed and gave two area farmers permission to cut and remove hay from the disputed parcel, and claims such proof established by clear and convincing evidence (*see, Van Valkenburgh v Lutz*, 304 NY 95, 98) that he adversely possessed the disputed parcel. Plaintiffs' proof contradicted defendant's claim that his family maintained the area by cutting the grass and included three witnesses who testified that De Vito acknowledged to each of them that he did not own the disputed parcel. This conflicting proof created a credibility issue for the jury's determination (*see, Jaquay v*

*Avery*, 244 AD2d 730, 731), and "[g]reat deference must be accorded the interpretation of the evidence by the jury if there is present credible evidence sufficient to support that interpretation, even if other evidence can be found in the record which would support a contrary conclusion" (*Esner v Janiszewski*, 180 AD2d 991, 993; *see, Smith v Lebanon Val. Auto Racing*, 194 AD2d 946, 947). Consequently, we find that the jury's determination has a sound basis in the record and is not contrary to the weight of the evidence.

Defendant's claims, raised for the first time on appeal, that County Court committed reversible error by allowing plaintiffs to proceed first at trial and not permitting defendant to withdraw his counterclaim, to the extent preserved, are dismissed as totally without merit.

Mercure, J. P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.