TREVOR MORRIS et al., Respondents, v MICHAEL J. PATANE et al., Appellants. [835 NYS2d 469]—

Rose, J. Appeal from an order and judgment of the Supreme Court (O'Brien, III, J.), entered October 12, 2005 in Madison County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs commenced this action seeking a judgment recognizing their right-of-way over a private roadway and enjoining defendants from interfering with their use of it. In response, defendants asserted that, among other things, they own the roadway, plaintiffs' deed did not convey a right-of-way over it and any right-of-way which plaintiffs might have had was extinguished by defendants' adverse possession. After plaintiffs moved for a preliminary injunction restraining defendants from interfering with their use of the right-of-way, Supreme Court decided that defendants held a right-of-way over, rather than title in fee to, the private roadway. The court, however, denied plaintiffs an injunction and conducted a jury trial on defendants'

adverse possession claim. After the jury found no basis for adverse possession, Supreme Court granted an order and judgment recognizing plaintiffs' right-of-way, denying defendants' claim of adverse possession and directing defendants to remove the barriers they had erected at the ends of the roadway. Defendants now appeal.

Defendants initially contend that Supreme Court erred in finding, prior to trial, that they did not have a fee interest in the roadway and then precluding presentation of any evidence of their ownership at trial. We agree, but only in part. The court should not have summarily found that defendants did not own the roadway in determining whether to grant a preliminary injunction (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 272 [1977]; *Morris v Port Auth. of N.Y. & N.J.*, 290 AD2d 22, 26 [2002]). Nonetheless, it was not error to exclude evidence of defendants' fee ownership at trial because that issue was irrelevant to the remaining factual dispute as to whether their actions had extinguished plaintiffs' right-of-way. Since plaintiffs claimed a right-of-way over, rather than ownership of, the roadway, defendants' ownership of the fee would have no effect on plaintiffs' rights. In addition, defendants do not argue now that Supreme Court's exclusion of proof of ownership affected what they had to prove to establish adverse possession. Rather, they contend only that Supreme Court's comments during trial that defendants did not own the fee had an "improper impact" on the jury. However, because the issue was irrelevant, defendants did not request a curative instruction and the court properly instructed the jury as to adverse possession, we cannot see how the jury was improperly influenced.

We turn next to defendants' contention that they also were improperly denied the opportunity to have the jury decide whether plaintiffs and their predecessors in title had abandoned the right-of-way by failing to use it for a long period of time. Although defendants initially requested, among other things, a jury instruction regarding abandonment and Supreme Court declined, they then made no objection on the record to the court's charge either before or after it was given. As a result, defendants failed to preserve the alleged error and acquiesced in the charge as given (*see* CPLR 4110-b; *De Long v County of Erie*, 60 NY2d 296, 306 [1983]; *Johnson v Grant*, 3 AD3d 720, 721 [2004]). In any event, even if we were to consider the issue, we would find the omission to be proper because the evidence showed, at most, nonuse of a right-of-way created by grant (*see Consolidated Rail Corp. v MASP Equip. Corp.*, 67 NY2d 35, 39 [1986]; *Navin v Mosquera*, 26 AD3d 556, 557 [2006]).

Finally, defendants' argue that the jury could not have reached a verdict rejecting their claim of adverse possession by any valid line of reasoning. Specifically, they contend that their proof of the artificial and natural obstruction of access to the ends of the roadway had effectively precluded use by plaintiffs and their predecessors for the requisite time period. We disagree. Regardless of whether defendants had a deed purporting to convey the roadway to them, they had to prove that the roadway had been "usually cultivated or improved," or "protected by a substantial inclosure" (RPAPL 512 [1], [2]). The evidence here fails to convincingly establish either basis for adverse possession. Undisputed testimony by plaintiffs' predecessor in title established that despite the cables and other obstacles at the ends of the roadway, he had used the roadway on many occasions without objection from defendants. There was also evidence that the cable intended to block the northern end of the roadway was regularly left down and so failed to prevent access by others, including plaintiffs. Moreover, while there was evidence that defendants had maintained portions of the roadway, they failed to show that this work was for their exclusive use or in any way different from that needed to utilize their own right-of-way.

Nor can we agree with defendants' claim that even if the north end of the roadway had remained accessible, they succeeded in proving that the south end, which was naturally overgrown with vegetation, had been inaccessible. Again, there was evidence from both a predecessor in title and a neighboring landowner that they had been able to access the south end of the roadway despite the obstacles. This evidence supports the jury's finding that adverse possession was not established (*see Da Costafaro v De Vito*, 289 AD2d 765, 766-767 [2001]).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order and judgment is affirmed, with costs.